Kathleen PEREZ, natural Mother
and next friend of Brandon Lee
Thayer, a minor, Petitioner,

v.

**SECRETARY OF DEPARTMENT
OF HEALTH AND HUMAN
SERVICES, Respondent.**

No. 91–103V.

United States Court of Federal Claims.

Nov. 17, 1992.

Paul A. Nelson, Tampa, Fla., for petitioner.

Mark Curtis Raby, Washington, D.C., for respondent.

## ORDER

MOODY R. TIDWELL, III, Judge.

Under the National Childhood Vaccine Injury Act of 1986 ("the Vaccine Act"), codified as amended at 42 U.S.C. §§ 300aa–1 to 300 aa–33 (1991 & Supp.1992), this matter comes before the court on petitioner's motion for review of the Special Master's June 9, 1992, Fee Decision.

## FACTS

Petitioner sought compensation under the Vaccine Act for injuries allegedly caused by DPT vaccinations on January 3, 1984, and January 21, 1984, to her minor son, Brandon Lee Thayer. The latter vaccination allegedly caused Brandon to suffer a seizure disorder that was not discovered until April 14, 1984. On January 29, 1992, a Special Master held a hearing on petitioner's entitlement to compensation. Following the testimony of petitioner and her mother, and, after consideration of the evidence submitted to the court, the Special Master found that Brandon did not in fact receive a DPT shot on January 21, 1984, as

alleged. Instead, the Special Master found that Brandon had received DPT shots on January 3, 1984, February 21, 1984, and June 27, 1984. The Special Master also found that Brandon was developmentally normal until April 4, 1985. Upon these findings, the Special Master ruled from the bench that petitioner was not entitled to compensation.

Petitioner then filed an application for attorneys' fees and costs. On June 9, 1992,[1] the Special Master issued a decision denying petitioner's application. In the decision, the Special Master indicated that there was no reasonable basis for petitioner's contention that a vaccination was administered on January 21 or on January 23, 1984.[2] Therefore, the Special Master found that there was no reasonable basis for petitioner's claim, and attorneys' fees and costs could not be awarded.

Petitioner filed a motion for review in this court on August 3, 1992, asserting that the Special Master erred in failing to find that her claim had a reasonable basis and was brought in good faith.

## DISCUSSION

 In reviewing the decision of a Special Master, this court has authority to "set aside any findings of fact or conclusion of law ... found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law ..." 42 U.S.C. § 300aa–12(e)(2)(B). By the plain language of the statute, *de novo* review over legal conclusions or factual findings is not appropriate. *Stotts v. Secretary of HHS*, 23 Cl.Ct. 352, 358–61 (1991). " '[A]rbitrary and capricious' is a highly deferential standard of review." *Hines v. Secretary of HHS*, 940 F.2d 1518, 1528 (Fed.Cir.1991). A reviewing court may not substitute its own judgment for that of the Special Master if the Special Master has considered all relevant factors, and has made no clear error of judgment. *See Citizens to Pre-*

serve Overton Park, Inc. v. Volpe, 401 U.S. 402, 416, 91 S.Ct. 814, 823–24, 28 L.Ed.2d 136 (1971); *Hyundai Elecs. Indus. Co. v. United States Int'l Trade Comm'n*, 899 F.2d 1204, 1209 (Fed.Cir.1990); *Gamalski v. Secretary of HHS*, 21 Cl.Ct. 450, 451–52 (1990). Accordingly, this court must grant the Special Master wide latitude in reviewing his decision addressing the reasonableness of a denial of attorneys' fees.

Under the Vaccine Act, a petitioner who fails on the merits of his or her claim may, nevertheless, be awarded attorneys' fees. 42 U.S.C. § 300aa–15(e)(1). However, in order to be awarded, the Special Master or court must determine that "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." *Id.*

In *Spagiare v. Secretary of HHS*, No. 90–468V, slip op., 1991 WL 146284 (Cl.Ct. July 17, 1991), the Special Master gave great weight to § 13(a)(1) of the Vaccine Act, which states in part: "The special master of court may not make such a finding [on compensation] based on the claims of a petitioner alone, unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa–13(a)(1). The Special Master determined that the award of attorneys' fees must, at a minimum, "be supported by medical records or medical opinion." *Spagiare*, slip op. at 3. This court has made the same interpretation. In *Doe v. Secretary of HHS*, the court granted attorney's fees where the plaintiff did not prevail on the merits of the claim, but where "petitioners ha[d] submitted testimonial evidence and medical documentation ... as well as expert opinion testimony which petitioners, in good faith, believed [was] supportive of their claim." *Doe v. Secretary of HHS*, 19 Cl.Ct. 439, 452 (1990).

 In this case, the hearing record indicates that the Special Master listened to the testimony of petitioner. Petitioner

---

1. The Fee Decision was later reissued on July 7, 1992, because petitioner's counsel did not receive the decision until that date, and the Special Master sought to afford petitioner adequate opportunity to file a motion for review.

2. At the hearing, petitioner corrected her initial claim that Brandon received his second DPT shot on January 21, 1984, and testified that it was January 23, 1984.

changed her initial claim that her son, Brandon, received his second DPT shot on January 21, 1984, and instead testified that he received a shot on January 23, 1984. The Special Master then considered evidence of a "well-baby" record indicating medical check-ups of Brandon at four weeks, two months and four months. Based on this evidence, the Special Master agreed with petitioner that the date of the second DPT shot on Brandon's medical record was inaccurate. However, the Special Master found that the error was not in the day the shot was given, but rather the month: instead of January 21, 1984, the Special Master determined that the date of the second vaccination must have been February 21, 1984, reasoning that the February date coincided with the check-up noted on Brandon's "well-baby" record. Finally, the Special Master found that the medical records established that Brandon was well and developmentally normal until April 4, 1985, well over a year after any DPT vaccination. As previously stated, when reviewing Special Masters' decisions, this court has a limited scope of review. Therefore, this court supports the factual findings of the Special Master, and his resulting legal conclusions. The court finds no need to set aside the Special Master's order denying petitioner attorneys' fees pursuant to § 12(e)(2)(B) of the Vaccine Act.

Moreover, although the Special Master's denial of attorneys' fees did not rest on a finding of lack of good faith behind petitioner's claim, the Special Master did discuss the issue. The Special Master indicated that he had "serious questions as to whether or not th[e] claim was pursued in good faith," based on the affidavits and photographs submitted to the court. To the extent that the Special Master's comments were findings of fact and conclusions of law, this court finds no reason to disturb them under § 12(e)(2)(B). To the extent these comments do not constitute findings of fact and conclusions of law, the court may not review them under this same statutory section.

## CONCLUSION

After careful review of the Special Master's Fee Decision, the court finds that it was not arbitrary, capricious or an abuse of the Special Master's discretion to find that petitioner had no reasonable basis on which to bring her claim. Without a reasonable basis to support her claim, petitioner cannot be awarded attorneys' fees pursuant to § 15(e)(1) of the Vaccine Act. For that reason, petitioner's motion for review is denied and the court, pursuant to 42 U.S.C. § 300aa–12(e)(2)(A), hereby affirms the Special Master's June 9, 1992, Fee Decision. The Clerk of the court is directed to enter judgment accordingly.

IT IS SO ORDERED.