James W. LONERGAN and Bernadette W. Lonergan, as Legal Representatives of James X. Lonergan, a minor, Petitioners,

v.

SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.

No. 90–1899V.

United States Court of Federal Claims.

Jan. 27, 1993.

Boyd McDowell, III, Chicago, IL, for petitioners.

Helene Goldberg, Washington, DC, for respondent.

## ORDER

MOODY R. TIDWELL, III, Judge.

Under the National Childhood Vaccine Injury Act of 1986 (Act), 42 U.S.C.A. §§ 300aa–1 to 300aa–34 (1991 & Supp. 1992), this matter comes before the court on petitioners' motion for review of Chief Special Master Gary J. Golkiewicz's September 23, 1992, Fee Decision. The Special Master awarded petitioners costs and attorneys' fees under 42 U.S.C. § 300aa–15(e), but did not award petitioners the entire amount of attorneys' fees sought. Petitioners do not seek review of the award of fees, only of the Special Master's reasoning for the amount of attorneys' fees awarded.

## STANDARD OF REVIEW

In reviewing the decision of a special master, this court has authority to "set aside any findings of fact or conclusion of law ... found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 42 U.S.C. § 300aa–12(e)(2)(B); RCFC App.J, R. 27(b). By the plain language of the statute, *de novo* review, as to legal conclusions or factual findings, is no longer appropriate. *Stotts v. Secretary of HHS*, 23 Cl.Ct. 352, 358–61 (1991). " '[A]rbitrary and capricious' is a highly deferential standard of review." *Hines v. Secretary of HHS*, 940 F.2d 1518, 1528 (Fed.Cir.1991). A reviewing court

may not substitute its own judgment for that of the special master if the special master has considered all relevant factors, and has made no clear error of judgment. *See Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 416, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971); *Hyundai Elecs. Indus. v. United States Int'l Trade Comm'n,* 899 F.2d 1204, 1209 (Fed.Cir. 1990); *Gamalski v. Secretary of HHS,* 21 Cl.Ct. 450, 451–52 (1990). Accordingly, this court must grant the special master wide latitude in determining the reasonableness of an award of attorneys' fees.

## DISCUSSION

■ Petitioners take exception with the following passage in the Special Master's September 23, 1992, Fee Decision:

[I]t is clear from the proceedings in this case that the services of a highly paid partner were not required. In essence, the services consisted of compiling documentation and seeking a medical expert's opinion. These services are more than adequately performed by an associate. Accordingly, they will be compensated as such.

Petitioners claim that the focal point of their motion for review is not the amount of fees awarded, but "whether a special master can direct how lawyers, representing clients under [the National Vaccine Injury Compensation] Program, choose to work up a case, or direct those lawyers to have certain work on a case done by associates as opposed to partners."

The statement objected to includes a legal conclusion, that the services rendered would be compensated as if performed by an associate. However, this conclusion was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 42 U.S.C. § 300aa–12(e)(2)(B); *see Maloney v. Secretary of HHS,* No. 90–1034V, 1992 WL 167257 (Cl.Ct.Spec.Mstr. June 30, 1992); *Dube v. Secretary of HHS,* No. 90–0688V, 1991 WL 285287 (Cl.Ct. Spec.Mstr. Dec. 20, 1991), and as such will

not be set aside. Moreover, the court disagrees with petitioners' claim that the Special Master was "directing" the staffing of National Vaccine Injury Compensation cases. The Special Master was merely explaining part of the reasoning behind his fee decision.

More importantly, because the petitioners do not challenge the amount of the fee award [1], the above quoted statement does not contain a finding of fact within the parameters of this case. As such, it is not within the court's jurisdiction to review. *See* 42 U.S.C. § 300aa–12(e)(2)(B); RCFC App.J, R. 27(b). However, assuming *arguendo* that it was a finding of fact, it is neither one on which the determination to award attorneys' fees rests, i.e. that the petition was brought in good faith and upon a reasonable basis, *see* 42 U.S.C. § 300aa–15(e)(1), nor was it made in an arbitrary or capricious manner.

There is nothing in the Fee Decision indicating that the Special Master neglected to properly consider all relevant factors involved in reviewing petitioners' motion for attorneys' fees, nor that he made a clear error in judgment. Petitioners' personal attack on the Special Master's credentials—characterizing them as inhibiting his ability to comprehend the issues involved in a Fee Decision—is highly inappropriate, contentious, and unpersuasive.

## CONCLUSION

After review of Chief Special Master Golkiewicz's Fee Decision, and applicable case law, the court finds that petitioners have failed to demonstrate that the Special Master was arbitrary, capricious, or abused his discretion in determining attorneys' fees and costs. For that reason, petitioners' motion for review is denied and the court, pursuant to 42 U.S.C. § 300aa–12(e)(2)(A) and RCFC Appendix J, Rule 27(a), hereby affirms the Special Master's September 23,

---

**1.** Petitioners state "[a]t the outset we would like to make one point about this controversy—it is   not about money."

1992, Fee Decision. The Clerk of the court is directed to enter judgment accordingly.

IT IS SO ORDERED.