**Arnold M. MASS on Behalf of James A. MASS, son, Petitioner,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent.**

No. 90–1203V.

United States Court of Federal Claims.

June 21, 1994.

Arnold M. Mass, pro se.

Mark R. Rogers, U.S. Dept. of Justice, Washington, DC, for respondent.

## OPINION

HORN, Judge.

This case comes before the United States Court of Federal Claims on petitioner's motion to review the December 21, 1993 decision of the special master granting petitioner's request for costs. Prior to applying for costs, petitioner had filed a separate civil action against the vaccine manufacturer in a Cook County, Illinois court and had requested dismissal of the claim filed pursuant to the National Childhood Vaccine Compensation Program (hereinafter "Vaccine Program").

## FACTS

Petitioner, Arnold M. Mass, initiated the above-captioned case in this court on September 24, 1990, on behalf of his minor child, James A. Mass, by filing a petition, *pro se,*[1] in the United States Court of Federal Claims,[2] pursuant to the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. § 300–

---

1. Although petitioner Arnold M. Mass has signed the papers filed in this court, there are references in the filings "petitioner, Arnold M. Mass, on behalf of James A. Mass, son, by and through his attorneys, Patrick J. Kenneally, Ltd."

2. The Federal Courts Administration Act of 1992, Pub.L. No. 102–572, 106 Stat. 4506 (1992), enacted on October 29, 1992, changed the name of the United States Claims Court to the United States Court of Federal Claims. The United States Court of Federal Claims is the successor to the United States Claims Court in all respects, including the application of Appendix J to the Rules of the court, which govern suits initiated under the Vaccine Act. *See* this court's General Order No. 33.

aa (1988) (hereinafter "Vaccine Act").[3] The petitioner sought compensation under the Vaccine Program for injuries allegedly related to and caused by the administration of a measles vaccine to James A. Mass on or about August 25, 1971.

At two conferences held on June 16, 1993 and on July 22, 1993, Mr. Mass requested Special Master Edwards to dismiss the petition. In support of this request, Mr. Mass indicated that on February 4, 1993, he also had filed a civil action against the manufacturer of the vaccine (Merck & Company) in Cook County, Illinois, to recover for James's injuries. Therefore, on July 26, 1993, the special master dismissed the above-captioned petition from this court. Pursuant to the special master's order of July 26, 1993, the Clerk of the United States Court of Federal Claims entered Judgment dismissing the petition brought by Mr. Mass in this court on August 27, 1993.

On August 30, 1993, petitioner filed a motion to recover costs related to pursuing his claim in this court under the Vaccine Act. In his decision on the application for costs, dated December 21, 1993, the special master awarded Mr. Mass $906.29 in costs. The special master noted that he could award costs in the instant case because contrary to when a civil suit is filed prior to the filing of a petition before this court, "petitioner's filing of a civil action *after* the petitioner's filing of a petition in the Program does not divest a special master of jurisdiction." (Emphasis in original.) In that decision on costs, the special master also included gratuitous language stating that because Mr. Mass had not complied with Vaccine Act § 300aa–21, he is precluded from bringing his civil suit in state court and that civil suit is not valid.

On January 21, 1994, petitioner Mass filed a motion for review of the special master's decision, arguing that the special master lacked the proper jurisdiction to award costs

and that the special master could not bar a civil tort action brought in another forum. The United States filed its response to petitioner's motion for review in which it agreed with those contentions set forth in petitioner's brief that the filing by petitioner of a civil suit for vaccine-related injuries in state court constituted an election of remedies in accordance with 42 U.S.C. § 300aa–11(a)(6) and, therefore, deprived the special master of jurisdiction over the claim. The United States argues that because the special master was deprived of jurisdiction upon such election, the award of costs in the above captioned case was invalid. The parties have raised no disputed factual issues.

*DISCUSSION*

The motion for review filed in the above-captioned case presents an unusual situation. Both parties challenge the decision issued by the special master awarding the petitioner the costs he had requested. For reasons of their own, the parties contend that the court did not have jurisdiction over petitioner's case at the time the application for fees was decided by the special master, and that, therefore, the decision of the special master awarding costs should be overturned by this court.

When reviewing a special master's decision, the judges of the United States Court of Federal Claims may:

(A) uphold the findings of fact and conclusions of law of the special master and sustain the special master's decision,

(B) set aside any findings of fact or conclusion of law of the special master found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and issue its own findings of fact and conclusions of law, or,

(C) remand the petition to the special master for further action in accordance with the court's direction.

**3.** Tit. XXI, § 2112, as added Nov. 14, 1986, Pub.L. No. 99–660, tit. III, § 311(a), 100 Stat. 3761; Dec. 22, 1987, Pub.L. No. 100–203, tit. IV, §§ 4303(d)(2)(A), 4307(3), 101 Stat. 1330–222, 1330–224, Pub.L. No. 100–203, tit. IV, §§ 4307(3)(C), 4308, as amended and added July 1, 1988, Pub.L. No. 100–360, tit. IV, § 411(*o*)(2), (3)(A), 102 Stat. 808; Dec. 19, 1989, Pub.L. No. 101–239, tit. VI, § 6601(d)–(i), 103 Stat. 2286–2290; Nov. 3, 1990, Pub.L. No. 101–502, § 5(b), 104 Stat. 1286; Nov. 26, 1991, Pub.L. 102–168, tit. II, § 201, 105 Stat. 1102; Oct. 27, 1992, Pub.L. 102–531, tit. III, § 314, 106 Stat. 3508; June 10, 1993, Pub.L. 103–43, tit. XX, § 2012, 107 Stat. 122; Aug. 10, 1993, Pub.L. 103–66, tit. XIII, § 13632, 107 Stat. 312.

42 U.S.C. § 300aa–12(e)(2). With only minor word differences, Vaccine Rule 27[4] repeats these same statutory directives.

█ The language of both the Vaccine Act and the Vaccine Rules is clear that decisions of a special master may only be set aside by the Court of Federal Claims if the decision of the special master was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 42 U.S.C. § 300aa–12(e)(2)(B); RCFC, App. J, Rule 27(b). The developing case law also supports application of the arbitrary and capricious, abuse of discretion or not in accordance with law standard of review. *Cucuras v. Sec'y of DHHS,* 993 F.2d 1525, 1527 (Fed.Cir.1993); *Hines v. Sec'y DHHS,* 940 F.2d 1518, 1523–24 (Fed. Cir.1991); *Wells v. Sec'y DHHS,* 28 Fed.Cl. 647, 651 (1993); *Gamache v. Sec'y DHHS,* 27 Fed.Cl. 639, 643 (1993), *aff'd,* 5 F.3d 1505 (Fed.Cir.1993); *Lonergan v. Sec'y DHHS,* 27 Fed.Cl. 579, 579–80 (1993); *Perez v. Sec'y DHHS,* 27 Fed.Cl. 200, 201 (1992) (*citing Stotts v. Sec'y DHHS,* 23 Cl.Ct. 352, 358–61 (1991)).

█ When applying the arbitrary and capricious standard, a reviewing court is not empowered to substitute its own judgment for that of a previous trier of fact. *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 416, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971). Instead, in determining whether a decision was arbitrary and capricious, a court "must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Id.* Furthermore, "[i]f the special master has considered the relevant evidence of the record, drawn plausible inferences and articulated a rational basis for the decision, reversible error will be extremely difficult to demonstrate." *Hines v. Sec'y DHHS,* 940 F.2d at 1528. *See Lewis v. Sec'y DHHS,* 26 Cl.Ct. 233, 236 (1992); *Murphy v. Sec'y DHHS,* 23 Cl.Ct. 726, 729–730 (1991). Thus, the decision of a special master may be found to be arbitrary and capricious only if the special master:

relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence ... or is so implausible that it could not be ascribed to a difference in view....

*Hines,* 940 F.2d at 1527 (quoting *Motor Vehicle Mfrs. Assn. v. State Farm Mut. Automo. Ins. Co.,* 463 U.S. 29, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983)).

█ Moreover, according deference to the special master's decision requires that the reviewing court "may not substitute its own judgment for that of the special master if the special master has considered all relevant factors, and has made no clear error of judgment." *Lonergan v. Sec'y of DHHS,* 27 Fed. Cl. at 579–80; *Perez,* 27 Fed.Cl. at 201 (citing *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. at 416, 91 S.Ct. at 823; *Hyundai Elecs. Indus. Co. v. United States Int'l Trade Comm'n,* 899 F.2d 1204, 1209 (Fed.Cir.1990); *Gamalski v. Sec'y DHHS,* 21 Cl.Ct. 450, 451–52 (1990) ). Therefore, when reviewing the decision of a special master, judges of the United States Court of Federal Claims should only overturn a quantum decision on an award of costs upon a determination that the special master acted arbitrarily, capriciously, abused his or her discretion, or acted otherwise not in accordance with the law.

█ Distinguished from review of the findings of fact made by the special master, which should be conducted in accordance with the arbitrary and capricious standard, however, are questions of statutory construction such as those jurisdictional issues raised in the instant case. Issues of statutory construction generally are reviewed under the "not in accordance with law" standard. *Arrowood v. Sec'y DHHS,* 28 Fed.Cl. 453, 457 (1993). Moreover, "[l]egal conclusions are, of course, always reviewed *de novo.*" *Bradley v. Sec'y DHHS,* 991 F.2d 1570, 1574 fn. 3 (Fed.Cir.1993) (citing *Powers v. Commissioner,* 312 U.S. 259, 260, 61 S.Ct. 509, 510, 85 L.Ed. 817 (1941); *Braun, Inc. v. Dynam-*

---

**4.** The Vaccine Rules are found in the Rules of the United States Court of Federal Claims (RCFC), Appendix J.

*ics Corp. of Am.,* 975 F.2d 815, 825 (Fed.Cir. 1992)).[5] Unlike instances when a trier of fact makes factual findings, for which credibility determinations and evaluation of the weight of the evidence are critical, review of statutory construction appears to this judge to require *de novo* review. Indeed, the accepted rules of statutory construction direct that when reviewing a statute, the judge should look to obtaining an understanding of the plain meaning of the words of the statute as written by the legislature. The plain meaning of words should be discernable without the necessity to defer to another's interpretation of those words.

Initially, a determination must be made in the case at bar as to whether the special master erroneously decided a question of law, namely, under the Vaccine Act, did the special master have jurisdiction to award costs to a petitioner who, after filing in the United States Court of Federal Claims, then filed a civil lawsuit in another court and requested dismissal of his Vaccine Act petition before the special master.

■ The jurisdiction of the United States Court of Federal Claims in vaccine cases is a creation of statute and is, therefore, subject to the jurisdictional limitations and conditions included in such statutory language. It has long been an established principle of federal law that "courts which are created by written law, and whose jurisdiction is defined by written law, cannot transcend that jurisdiction." *Ex Parte Bollman,* (4 Cranch) 8 U.S. 75, 93, 2 L.Ed. 554 (1807) (Marshall, C.J.); *see also UNR Indus., Inc. v. United States,* 962 F.2d 1013, 1025 (Fed.Cir.1992), *aff'd sub nom., Keene Corp. v. United States,* — U.S. ——, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993). Thus, "[c]ourts created by statute can have no jurisdiction but such as the statute confers." *Sheldon v. Sill,* (8 How.) 49 U.S. 441, 449, 12 L.Ed. 1147 (1849). The United States Supreme Court restated this principle as follows: "[t]he age-old rule" that a court may not in any case, even in the interest of justice, extend its jurisdiction

where none exists. *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 818, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988) (citing *Sheldon v. Sill,* (8 How.) 49 U.S. 441, 449, 12 L.Ed. 1147 (1849); *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 379–80, 101 S.Ct. 669, 676, 66 L.Ed.2d 571 (1981)).

The jurisdiction of this court with respect to a claim for compensation pursuant to the National Vaccine Program is defined as follows:

> The United States Claims Court and the United States Claims Court special masters shall, in accordance with this section, have jurisdiction over proceedings to determine if a petitioner under section 300aa–11 of this title is entitled to compensation under the Program and the amount of such compensation. The United States Claims Court may issue and enforce such orders as the court deems necessary to assure the prompt payment of any compensation awarded.

42 U.S.C. § 300aa–12(a).

Section 300aa–12(a) incorporates by its terms the provisions of 42 U.S.C. § 300aa–11(a), which specifies one of several criteria for determining who is a proper petitioner. Specifically, section 300aa–11(a)(2)(A) imposes conditions upon a petitioner seeking relief in another forum:

> No person may bring a civil action for damages in an amount greater than $1,000 or an unspecified amount against a vaccine administrator or manufacturer in a State or Federal court for damages arising from a vaccine-related injury or death associated with the administration of a vaccine after the effective date of this subpart, and no such court may award damages in an amount greater than $1,000 in a civil action for damages for such a vaccine-related injury or death, unless a petition has been filed in accordance with section 300aa–16 of this title, for compensation under the Program for such injury or death and—
>
> (i)(I) the United States Court of Federal Claims has issued a judgment under sec-

---

5. This court declines to adopt the standard applied by some of its colleagues (*see e.g.,* in *Ultimo v. Sec'y DHHS,* 28 Fed.Cl. 148, 150 (1993)) that *de novo* review of legal conclusions is not appro-
priate and that legal conclusions of the special master in vaccine cases should also be reviewed by the arbitrary and capricious, or abuse of discretion standard.

tion 300aa–12 of this title on such petition, and

(II) such person elects under section 300aa–21( ) of this title to file such an action, or

(ii) such person elects to withdraw such petition under section 300aa–21(b) of this title or such petition is considered withdrawn under such section.

(B) If a civil action which is barred under subparagraph (A) is filed in a State or Federal court, the court shall dismiss the action. If a petition is filed under this section with respect to the injury or death for which such civil action was brought, the date such dismissed action was filed shall, for purposes of the limitations of actions prescribed by section 300aa–16 of this title, be considered the date the petition was filed if the petition was filed within one year of the date of the dismissal of the civil action.

42 U.S.C. § 300aa–11(a)(2)(A) & § 300aa–11(a)(2)(B).[6]

■ Although sections 300aa–12(a) and 300aa–11(a)(2)(A), when construed together, constitute a waiver of the sovereign immunity of the United States in vaccine compensation cases, they must be explicitly, *United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969), and strictly construed, *Getty Oil Co. v. United States*, 767 F.2d 886, 889 (Fed.Cir.1985); *Bennett v. Department of Navy*, 699 F.2d 1140, 1145 (Fed. Cir.1983); *Carlson v. Sec'y DHHS*, 23 Cl.Ct. 788, 794 (1991). Section 300aa–11(a)(2)(A), for example, provides for the retention of jurisdiction by this court following the filing of a vaccine petition unless the petitioner, following entry of judgment, files an election pursuant to section 300aa–21(a) or section 300aa–21(b) of the Vaccine Act.

The instant record reflects that petitioner filed a civil complaint in a Cook County, Illinois court prior to the dismissal order issued by Special Master Edwards on July 26, 1993 and prior to entry of the judgment in this case by the Clerk of Court on August 27, 1993. Petitioner informed the special master of this civil action filing at the June 16, 1993 and July 22, 1993 conferences, when he requested dismissal of his Vaccine Act petition. Petitioner in his brief filed in this court contends that his filing of a civil action in the Cook County, Illinois court and notification of the special master to that effect constitutes an election pursuant to section 300aa–21(a)(2).

The instant case presents a set of facts not specifically covered in the Vaccine Act, the legal consequences of filing a civil claim in another court in a case in which a petition has already been filed in this court and is pending before a special master. Both parties rely on 42 U.S.C. § 300aa–11(a)(6)[7] to argue that because the section precludes a person who brings a civil action for vaccine-related injuries or death after November 15, 1988 from filing a petition in this court for relief for the same injury, that the proper action by a special master upon determination that such a civil claim has been filed is to dismiss the United States Court of Federal Claims petition on the theory that the filing of the civil action has divested the special master of jurisdiction. The parties, therefore, argue that given the facts presented by the instant case, the special master lacks jurisdiction because the purpose of section 300aa–11(a)(6) is to preclude a petitioner from maintaining multiple lawsuits by forbidding a vaccine petition to be filed in a retrospective case while a civil action is on file for the same injuries in another forum.

■ To be sure, the purpose of the Vaccine Act and particularly of sections 300aa–

---

**6.** The court also notes Vaccine Act section 300aa–11(a)(2)(B), which indicates that "if a civil action which is barred under subparagraph A is filed in a State or Federal court, the *court* shall dismiss the action." (Emphasis added.) Presumably, the "court" referred to is the other state or federal court, not the United States Court of Federal Claims.

**7.** Section 300aa–11(a)(6) reads:

> If a person brings a civil action after November 15, 1988 for damages for a vaccine-related injury or death associated with the administration of a vaccine before November 15, 1988, such person may not file a petition under subsection (b) of this section for such injury or death.

42 U.S.C. § 300aa–11(a)(6).

21(a) & 300aa–21(b), 300aa–11(a)(6), 300aa–12(a), 300aa–11(a)(2)(A) and 300aa–11(a)(2)(B) is to discourage petitioners from maintaining duplicate vaccine petitions based on the same injury in retrospective cases. Moreover, the supporting legislative history to the Vaccine Act was written to force petitioners to exercise an election of remedies in one forum. The House Report indicates that "[I]f a person in the second group [one injured prior to the enactment of the Act] initiates a civil action against a manufacturer after the enactment of this legislation without first completing the compensation system, he or she may not enter the compensation system." H.R.Rep. No. 908, 99th Cong., 2d Sess. 14 (1986), *reprinted in,* 1986 U.S.C.C.A.N. 6287, 6355. The House Report further specifies that recovery for one administration of a vaccine may be sought in only one petition:

> Only one petition may be filed with respect to each administration of a vaccine. While this provision allows for the possibility of a separate recovery for each shot in a series of inoculations with the same vaccine, the Committee intends that such multiple awards be made only under the unusual circumstances in which separate and distinct injuries occur from individual administration. In most circumstances in which a vaccine has been given on more than one occasion and injuries have resulted, the Committee intends that a single petition encompass all requests for compensation and that the limits of available compensation apply to this petition and

that only in the most unusual circumstances should a petitioner be allowed to make more than one recovery and exceed the limitations on pain and suffering payments.

*Id.* at 6355–56.

As indicated above, the question raised by the parties in the instant case, whether by filing the action in the Cook County, Illinois court, prior to judgment in this court and while his petition was pending in the United States Court of Federal Claims, petitioner Mass divested the special master of jurisdiction of the petition already on file in this court at the time the other lawsuit was filed, is not addressed in the Vaccine Act or in the legislative history thereto.[8] This is not the same situation covered by section 300aa–11(a)(6), in which a petitioner files a case in the United States Court of Federal Claims based on the same alleged vaccine injury as in a case already pending in another state or federal court. In such a case, the special master could not exercise the jurisdiction of this court.

▮ In the instant case, there is on record only one final decision by a special master, that issued by Special Master John Edwards on July 26, 1993,[9] and one final judgment, that entered pursuant to Vaccine Rule 11 by the Clerk of Court on August 27, 1993, issued in the absence of a motion to review the dismissal decision by the special master, 30 days after the July 26, 1993 decision of the special master. The petitioner's motion to

---

8. In its filings, the government concedes that the facts presented by this case are not specifically covered in the Vaccine Act.

9. On March 23, 1992, Chief Special Master Golkiewicz ´ entered a decision dismissing the petition for failure to file required information necessary to demonstrate this case as an on table injury. On April 17, 1992, prior to the passage of the 30 days in which a petitioner must file a motion for review of a special master's decision and prior to the entry of judgment by the Clerk of the Court, however, the special master granted petitioner's motion for reconsideration of the March 23, 1992 order. The special master granted petitioner Mass yet another opportunity to comply with the court's order to obtain an affidavit of a medical expert in order to comply with the statutory requirements of the Vaccine

Act regarding qualification for vaccine injury compensation.

Although there has been considerable debate regarding the authority of the special master to reconsider an opinion once judgment has been issued, to this court's knowledge the opinions of this court issued to date have not addressed such authority in cases in which reconsideration is issued prior to the entry of judgment, the situation presented here. The court believes that an adjudicator of facts, including a special master, must have the power to reconsider an opinion, certainly prior to the entry of judgment, in the event that an adjudicator believes a legal or factual error has been made, or, as here, the adjudicator wishes to extend equitable relief to a petitioner who presents himself *pro se* and asks for another chance to comply with the adjudicator's directives to supply additional information.

recover costs was filed on August 30, 1993, following entry of judgment by the Clerk on August 27, 1993. Moreover, because petitioner Mass failed to file an election in writing to accept or reject the special master's July 26, 1993 decision within 90 days after the entry of judgment, pursuant to Vaccine Act section 300aa–21 and Vaccine Rule 12, the decision to dismiss is deemed accepted. Although a statement of the obvious, in the instant case, petitioner is deemed to have elected to accept the July 26, 1993 dismissal of his petition in the United States Court of Federal Claims, which the special master issued pursuant to petitioner's own request to dismiss the action.

■■■ If there is procedural confusion in this case, it occurred because the petitioner's application for costs was filed prior to the expiration of the 90 days from the date of the entry of judgment, at which time, according to Vaccine Rule 12, the election was deemed to be one to accept the judgment, absent a written election by petitioner. This defect, however, does not appear to be jurisdictional. Moreover, the special master's decision to award costs was issued on December 21, 1993, which is certainly following the date on which petitioner's election was deemed to have been one to accept the judgment. Furthermore, Vaccine Rule 13 on attorney's fees and costs states that requests for costs must be filed by a petitioner "*no later than 21 days* following an election pursuant to Vaccine Rule 12." (Emphasis added.)

This court believes that absent direction to deprive the court of jurisdiction under the facts presented in 42 U.S.C. § 300aa–11(a)(6), Special Master Edwards was not divested of jurisdiction of the above-captioned case when Mr. Mass filed the second lawsuit in the Cook County, Illinois court. Whether, however, the Illinois court finds that the statutory requirements have been met in order to proceed with the lawsuit filed in that state court is to be left to the Illinois court to decide. This court acknowledges the independence of each state and federal court to define its own jurisdiction.

Based on the above discussion, this court finds that the special master had jurisdiction to entertain the application for costs. The applicable section of the Vaccine Act pertaining to compensation and award of attorney's fees and costs allows costs to a non-prevailing petitioner if the special master determined that such petitioner brought suit in good faith and that there was a reasonable basis for the claim, as follows:

(e) Attorney's fees

(1) In awarding compensation on a petition filed under section 300aa–11 of this title the special master or court shall also award as part of such compensation an amount to cover—

(A) reasonable attorney's fees, and

(B) other costs,

incurred in any proceeding on such petition. If the judgment of the United States Claims Court on such a petition does not award compensation, the special master or court may award · an amount of compensation to cover petitioner's reasonable attorney's fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought.

(f) Payment of compensation

(1) Except as provided in paragraph (2), no compensation may be paid until an election has been made, or has been deemed to have been made, under section 300aa–21(a) of this title to receive compensation.

42 U.S.C. § 300aa–15(e) & (f).

■■■ The standard of review regarding whether the costs awarded by the special master were proper is the arbitrary and capricious standard. Because neither party contested or presented evidence on the quantum, this court has no basis upon which to reject the special master's finding that Mr. Mass should receive $906.29 in costs.[10]

---

**10.** The special master clearly reviewed the details of petitioner's cost request because he did reduce the original request of $931.29 by deduct-

ing a $25.00 donation to Dissatisfied Parents Together as not allowable under the program. The special master wrote in his decision on costs:

*CONCLUSION*

Therefore, the award to petitioner Mass of $906.29 by the special master is, hereby, **AFFIRMED.**

**IT IS SO ORDERED.**

The special master has reviewed Mr. Mass's application for costs. The special master determines that one expense—a $25.00 donation to Dissatisfied Parents together—is not allowable under the Program. The special master finds that Mr. Mass's other expenses are reasonable. Therefore, the special master awards

to Mr. Mass $906.29 in costs. In the absence of a motion for review filed under RCFC Appendix J, the clerk of the court shall enter judgment in petitioner's favor for $906.29.