**Lori REED, as next friend of her son, Ryan REED, Petitioner,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent.**

No. 05–0757V.

United States Court of Federal Claims.

Dec. 30, 2005.

---

438

Ben C. Martin, Dallas, Texas, for petitioner. Tim K. Goss and William F. Blankenship, Dallas, Texas, of counsel.

Mark C. Raby, Department of Justice, Civil Division, Torts Branch, Washington, D.C., for respondent. With him on the briefs were Peter D. Keisler, Assistant Attorney General, Timothy P. Garren, Branch Director, Mark W. Rogers, Deputy Branch Director, Vincent J. Matanoski, Assistant Branch Director.

## OPINION

BRUGGINK, Judge.

This is an action brought pursuant to the National Vaccine Injury Compensation Act of 1986 ("Vaccine Act" or "Act"), 42 U.S.C. §§ 300aa–1 to—34 (2000). The petition was brought by Lori Reed on behalf of Ryan Reed ("Ryan"), a minor. Special Master Edwards dismissed the petition on grounds that the action was brought beyond the limitations period. The matter is before the court for review of the Special Master's decision dismissing Ryan's petition.

Petitioner objects to the Special Master's decision on the following grounds: the Special Master's decision amounted to summary judgment in the face of genuine issues of material fact; collateral estoppel prevents dismissal based on the statute of limitations; the "manifestation of onset" did not occur more than three years prior to the filing of suit; petitioner's claims should be deemed timely under the doctrine of equitable tolling; and any ruling on the statute of limitations issue should be stayed pending the Omnibus Autism Proceeding.

Defendant makes the following responses: petitioner's claim does not meet the jurisdictional requirements of the Act; petitioner's characterization of the Special Master's decision as summary judgment is incorrect; petitioner's collateral estoppel argument is without merit; the Special Master's determination that Ryan's condition manifested by June 1998 was not arbitrary and capricious; equitable tolling is unavailable in Vaccine Act claims; and petitioner's request to stay

the action pending the Omnibus Autism Proceeding is improper and contrary to law.

The issues have been fully briefed. Oral argument is unnecessary. For the reasons set out below, we deny petitioner's request for review.

## BACKGROUND

The facts of this case are brief, but the procedural history is somewhat complicated. Ryan was born on July 20, 1994. He was administered a full complement of childhood vaccinations, including vaccinations for hepatitis B, oral polio, measles-mumps-rubella, and varicella. In May 1998, Ryan was referred for neuropsychological testing because he was suspected of atypical autism. Ryan underwent neurological testing in June 1998. The results placed Ryan in the "mildly to moderately autistic range of abilities." Petition Ex. 2 at 4. Ryan was assigned an "age equivalent" in several areas and each fell below his chronological age leading the evaluator to conclude that there were "delays across all areas, except for motor skills." *Id.* The diagnostic impression was that Ryan had pervasive developmental disorder ("PDD"). *Id.* at 5.

On June 30, 2003, Ms. Reed commenced a civil action in the District Court for the 96th Judicial District of Tarrant County, Texas against several vaccine manufacturers and administrators claiming damages for the injuries that Ryan had allegedly suffered as a result of the vaccines. Complaint, *Chiles v. Am. Home Prod.,* No. 96 200062 03 (96th Dist. Ct., Tarrant County Tex., June 30, 2003).[1] On July 21, 2003, the case was removed to the United States District Court for the Northern District of Texas. The case was dismissed on July 30, 2004.

While the district court action was proceeding, on September 17, 2003, petitioner filed the first of two claims under the Vaccine Act ("first claim"). Her claim was assigned to Special Master Hastings.

On December 8, 2003, the government filed a Rule 4(b) Report and Motion for

1. At our request, counsel for petitioner furnished us with the first page of the state court complaint, showing the filing date. It was directed

Order to Show Cause in the vaccine proceeding. The government questioned the timeliness of the petition based on the vaccine administration dates alleged therein. Petitioner had not provided documentation of the onset of the injury and the dates the vaccines were administered were more than five years prior to the filing of the petition. Special Master Hastings denied the motion in a January 13, 2005, order because "available records in this case do not demonstrate that the petition was not timely filed, because they simply do not indicate when the first symptom of the vaccinee's condition occurred." Motion for Review, Ex. C.

During a July 2, 2005, status conference before Special Master Hastings, petitioner disclosed for the first time that at the time she filed the first claim, the district court action was still pending. Because this pendency of a district court action violated the conditions for filing a petition under the Vaccine Act, *see* 42 U.S.C. 300aa–11(a)(5)(B), she voluntarily dismissed the first claim and filed another claim under the Act ("second claim") on July 15, 2005, after dismissal of the district court action. This second claim was assigned to Special Master Edwards, who dismissed it as untimely on July 26, 2005. On August 24, 2005, petitioner filed this motion to review Special Master Edwards' decision.

## DISCUSSION

Under section 12(e)(2) of the Act, we review decisions of the Special Master to determine if they are arbitrary, capricious, or an abuse of discretion, or otherwise not in accordance with law. *Munn v. Sec'y of HHS,* 970 F.2d 863, 870 (Fed.Cir.1992); *see* 42 U.S.C. § 300aa–12(e)(2). Each of petitioner's challenges relate to whether the Special Master properly applied the statute of limitations provision. This is a question of law to be reviewed under the "not in accordance with law" standard. *See Munn,* 970 F.2d at 870; 42 U.S.C. § 300aa–12(e)(2).

The limitations period of the Act is set out in section 16(a)(2):

to be filed as part of the record on December 29, 2005.

[I]f a vaccine-related injury occurred as a result of the administration of such vaccine, no petition may be filed for compensation ... for such injury after the expiration of 36 months after the date of the occurrence of the first symptom or manifestation of onset or of the significant aggravation of such injury ....

42 U.S.C. § 300aa–16(a)(2). Because the Act is a waiver of sovereign immunity, *Mass v. Sec'y of HHS*, 31 Fed.Cl. 523, 528 (1994), it must be strictly construed. *See Hopland Band of Pomo Indians v. United States*, 855 F.2d 1573, 1576–77 (Fed.Cir.1988).

*Summary Judgment*

Petitioner argues that Special Master Edwards' dismissal of her claim amounted to an improper use of summary judgment, in light of genuine issues of material fact with respect to when she first filed her claim. Respondent argues that the Special Master did not reach the merits of petitioner's claim but rather found it barred by the statute of limitations and thus could do nothing but dismiss it. Furthermore, respondent argues that even if the Special Master's dismissal constituted summary judgment, it was proper because petitioner did not establish a genuine issue of fact because she did not furnish the Special Master with the date on which she filed her initial civil claim.

In dismissing her claim as untimely, Special Master Edwards stated:

Ms. Reed knew absolutely by June 1998 that Ryan exhibited autism and Pervasive Developmental Delay. Therefore, at the very latest, the statute of limitations commenced in June 1998. And, at the very latest, the statute of limitations lapsed in June 2001. Yet, Ms. Reed did not file her petition until July 2005.

*Reed v. Sec'y of HHS*, 05–757V, Decision (Ct.Fed.Cl.Spec.Mstr. July 26, 2005). The Special Master based his ruling on assertions in the petition that "Ryan was first diagnosed with Autism and Pervasive Developmental Disorder on or about June 2, 1998." Petition at 3. The Special Master deemed dismissal was appropriate because the claim was filed more than three years after Ryan's diagnosis.

Petitioner's argument seems to be that her claim was dismissed precipitously; and that procedurally, it was an error for the Special Master to rely on her petition without allowing her to present additional facts as to when she filed her state court claim. Petitioner does not question the accuracy of her own assertion in the petition that Ryan's diagnosis occurred on June 2, 1998. Consequently, if the injury manifests itself upon diagnosis, as we conclude *infra*, then to be timely, the petition had to be filed by June 2, 2001. In fact, it was filed on July 15, 2005. We therefore see no procedural error in the way that Special Master Edwards approached the question. He was entitled to rely on the allegations in the petition. Nevertheless, even if it were error not to offer her the opportunity to present evidence of an earlier state court filing, it was error without injury as it is undisputed that the state court action was filed on June 30, 2003, Complaint at 1, *Chiles*, more than three years after Ryan's diagnosis.

*Collateral Estoppel*

Petitioner argues that Special Master Hastings addressed the statute of limitations issue with respect to the government's motion in the first claim and that Special Master Edwards was thus collaterally estopped from re-addressing the issue in the second claim. Her argument is based upon Special Master Hastings' denial of the government's Motion for Order to Show Cause. That motion raised the issue of timeliness. Petitioner gathers from the very fact that the motion was denied that the issue was resolved and cannot be revisited.

Timely filing is a pre-condition to suit. Consequently, this element of a petition is subject to review at any point in the litigation. It was, therefore, not improper for Special Master Edwards to reconsider the issue. Nevertheless, even if collateral estoppel could prevent Special Master Edwards from re-addressing timeliness, petitioner's argument still fails.

■ By "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate," collateral estoppel "protects their adversaries from the expense

and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States,* 440 U.S. 147, 153–54, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). There are four requirements for collateral estoppel: (1) the issue before the court must be identical to one before a previous court; (2) the issue must have been actually litigated in the prior proceeding; (3) the resolution of the issue must have been necessary to the judgment in the previous case; and (4) the losing party must have been afforded a full and fair opportunity to litigate its position. *See Ammex, Inc. v. United States,* 384 F.3d 1368, 1371 (Fed.Cir.2004).

■ Irrespective of whether the other elements of collateral estoppel are present, it is clear that the statute of limitations issue was not actually litigated. Special Master Hastings' January 13, 2005, denial of the government's Motion for Order to Show Cause states:

> [T]he available records in this case do not demonstrate that the petition was not timely filed, because they simply do not indicate when the first symptom of the vaccinee's condition occurred. Of course, if and when the petitioner ultimately attempts to prove "causation," and supplies medical records at that time, it will then become clear when the first symptom of the vaccinee's autism occurred. We can *at that time* assess whether the petition was timely filed. There is no need to do so at this time.

Motion for Review Ex. C (emphasis in original). It is clear, therefore, that while the issue of timeliness was before Special Master Hastings, it was not actually resolved. It was, thus, not improper for Special Master Edwards to address it subsequently.

*"Manifestation of Onset"*

■ The limitations period begins to run upon either "the occurrence of the first symptom" or the "manifestation of onset" of the injury. 42 U.S.C. § 300aa–16(a)(2). Respondent argues that the injury became manifest at the time of diagnosis. Petitioner argues that a medical diagnosis of autism

should not be viewed as sufficient to begin the running of the statute of limitations. She relies on *Goetz v. Sec'y of HHS,* 45 Fed.Cl. 340, 342 (1999), for the proposition that something more than a diagnosis of the injury may be required for it to manifest itself.

We agree with the government that a diagnosis of autism meets the statutory definition of "manifestation." The diagnosis constituted a recognition by a doctor of Ryan's medical condition. At that point, petitioner was on notice that a responsible person within the medical community identified a present condition.

*Goetz* is not to the contrary. In that case, the vaccinee exhibited clear signs of encephalopathy within months of receiving the vaccine. *Id.* at 341. It was not until four years later, however, that a doctor discovered that the child's condition was vaccine-related. *Id.* The court in *Goetz* stated "[t]he fact on which a Vaccine Injury Table claim is based is the occurrence of an event recognizable as a sign of a vaccine injury by the medical profession at large, not the diagnosis that actually confirms such an injury in a specific case." *Id.* at 342. Petitioner there was contending that the limitations period did not run *until* the diagnosis. Judge Wiese rejected that argument when there was evidence that the injury had manifested *prior* to diagnosis. The court, therefore, dismissed petitioner's claim because it was filed after the three-year statute of limitations had passed. *Id.* at 343. Here, petitioner is not arguing that the running of the limitations period should be tolled for the period of time between when symptoms first appeared and the actual diagnosis. Rather, she is arguing that the running of the period should be tolled for the period of time between Ryan's diagnosis until some later time when the injury became even more unmistakable. While Ryan's autism may have been manifest before the June 1998 diagnosis, his diagnosis certainly removed any ambiguity. Petitioner's claim is thus barred.

*Equitable Tolling*

■ The Vaccine Act's " 'statute of limitations is a condition on the waiver of sovereign immunity by the United States' " and should be strictly construed so that it is not extend-

ed beyond where Congress intended. *Brice v. Sec'y of HHS*, 240 F.3d 1367, 1370 (Fed. Cir.2001) (quoting *Stone Container Corp. v. United States*, 229 F.3d 1345 (Fed.Cir.2000)). The doctrine of equitable tolling, as an extension of this waiver, applies to the government in the same way that it is applicable to private parties. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). Equitable tolling is generally permitted in:

> situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. [Courts] have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

*Id.* at 96, 111 S.Ct. 453.

The Federal Circuit held in *Brice*, however, that equitable tolling is not applicable to Vaccine Act cases. 240 F.3d 1367. Petitioner urges us to find that *Brice* is in error and that equitable tolling should be applied to toll the running of the limitations period. She argues that the presumption of equitable tolling found in *Irwin*, 498 U.S. at 95–96, 111 S.Ct. 453, applies and is not rebutted for any of the reasons stated in *United States v. Brockamp*, 519 U.S. 347, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997). Presumably, she believes that if equitable tolling could be used in Vaccine Act cases, then, rather than having her claim dismissed as untimely, she should have been permitted to present evidence as to why her claim was not barred under the doctrine. In the alternative, she argues that *Brice* is distinguishable on its facts in that she did not become aware of the vaccine's role in Ryan's injury until more than three years after his diagnosis.

Respondent cites *Goetz*, 45 Fed.Cl. at 342, and *Childs v. Sec'y of HHS*, 33 Fed.Cl. 556 (1995), in response to petitioner's alternative argument. It argues that the running of the statute of limitations is not delayed until the claimant discovers the link between the vaccine and the injury.

In *Brice*, the Federal Circuit recognized the presumption of equitable tolling, but concluded that the presumption is overcome in cases brought pursuant to the Vaccine Act, first, because "the Act includes a specific exception from the limitations period," and second, because "the limitations period is part of a detailed statutory scheme which includes other strict deadlines." *Brice*, 240 F.3d at 1373. In addition, the Federal Circuit recognized that the Act's limitations period "begins to run upon the first symptom or manifestation of the onset of injury, even if the petitioner would not have known at the time that the vaccine had caused the injury." *Id.* It concluded that "it would be quite odd for Congress to allow a limitations period to run in cases in which a petitioner has no reason to know that a vaccine recipient has suffered an injury, but to provide for equitable tolling when a petitioner is aware that a vaccine has caused an injury but has delayed in filing suit." *Id.* We are bound to follow *Brice*.

*Omnibus Autism Proceeding*

At some point before Ms. Reed filed her first claim, Special Master Hastings began the Omnibus Autism Proceeding, which had the effect of staying many of the vaccine-related autism cases while it was established whether there is a causal connection between certain vaccines and autism. Her first claim was included in this Omnibus proceeding because she alleged that Ryan's autism was caused by the vaccines. Petitioner therefore asks us to defer ruling on the propriety of dismissal of the second petition pending the Omnibus Autism Proceeding. The present petition is barred by the statute of limitations, however, irrespective of whether causation could be established. There is, thus, no reason to stay this case.

## CONCLUSION

For the reasons set out above, the Special Master's decision to dismiss is affirmed. The clerk is directed to dismiss the petition.