68 F.3d 479
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Calvin J. WEBER, Appellant,
v.
NAMED FEDERAL OFFICIALS, in their individual capacities;
Thomas E. Reinkober, U.S. Army Colonel; James R. Holder,
U.S. Army Colonel, Retired; Jerry F. Dettmer, Army Manager,
Ase.; Jerry A. Vacker, Security Manager, Army; Albert F.
Bell, Security Manager, Army; Michael T. McFalls, Army
Manager; Robert E. Hunt, Public Affairs; Charles G.
Ackerman, Army Counterintel, STL; John Doe, Army
Counterintel, Ft. Meade; John E. Klaus, GSA Protective
Services; Karl Schneider, Counsel, Secy of Army; Maria R.
Dimarco, Security Clearance Fac, in their official
capacities, Appellees.
 No. 95-2164.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Sept. 13, 1995.
Filed: Sept. 25, 1995.
 
 Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Calvin J. Weber appeals from the district court's[1] dismissal of his Bivens[2] suit against twelve named federal employees in the Department of the Army. We affirm.
 
 
 2
 Weber claimed his constitutional rights were violated when his supervisors retaliated against him for his whistleblowing activities while he was employed as an engineer with the Army's Aircraft Survivability Equipment Project. Weber alleged he was subjected to a campaign of harassment that included, inter alia, an arrest lacking probable cause, false prosecution, and verbal and physical abuse when his supervisors tried to remove him from the workplace.
 
 
 3
 The district court granted the defendants' motions to dismiss for failure to state a claim, concluding that the comprehensive remedial scheme created by the Civil Service Reform Act of 1978 (CSRA) provided a remedy precluding a Bivens action. Because the CSRA incorporates the Whistleblower Protection Act of 1989(WPA), the court concluded retaliation for whistleblowing activities is covered by the CSRA.
 
 
 4
 We review de novo a dismissal of a complaint for failure to state a claim. See Alexander v. Peffer, 993 F.2d 1348, 1349 (8th Cir.1993). We agree with the district court that the remedial scheme of the CSRA is comprehensive and thus provides Weber's exclusive remedy, barring a Bivens action. See Bush v. Lucas, 462 U.S. 367, 385-86, 390 (1983) (CSRA prevents extrajudicial remedies for federal employees whose First Amendment rights are violated by superiors); Gergick v. Austin, 997 F.2d 1237, 1239 (8th Cir.1993) (CSRA exclusive remedy for WPA claims), cert. denied, 114 S. Ct. 1536 (1994).
 
 
 5
 Contrary to Weber's argument, his failure to receive relief through the Merit Systems Protection Board (MSPB) and Office of Special Counsel (OSC) does not undermine the comprehensive nature of the CSRA. See Schweiker v. Chilicky, 487 U.S. 412, 421-23 (1988) (judicial refusal to create a Bivens action turns not on adequacy of remedial scheme but on comprehensiveness); McIntosh v. Turner, 861 F.2d 524, 526 (8th Cir.1988) (CSRA precludes Bivens remedy); Spagnola v. Mathis, 859 F.2d 223, 228 (D.C.Cir.1988) (complete unavailability of relief under CSRA for minor personnel action in retaliation for whistleblowing activities did not give rise to Bivens action for Office of Management and Budget employee).
 
 
 6
 Although Weber contends the conduct he alleges is not subject to the CSRA, the district court correctly found the conduct was within the parameters of the CSRA, because it occurred in the course of escorting Weber from the premises upon his termination and determining whether Weber disclosed classified information he acquired during his employment. See Bradley v. U.S. Postal Service, 832 F.2d 1061, 1062 (8th Cir.1987) (per curiam) (CSRA covers wrongful threat of criminal prosecution); see also Jones v. Tennessee Valley Authority, 948 F.2d 258, 260, 263-64 (6th Cir.1991) (although conduct may have been tortious, court required nuclear engineer allegedly subjected to harassment, surveillance, demotion, reassignment, and public ridicule in retaliation for whistleblowing activities to seek remedies available under CSRA).
 
 
 7
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Charles A. Shaw, United State District Judge for the Eastern District of Missouri
 
 
 [2]
 Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)