104 F.3d 375
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Calvin J. WEBER, Petitioner,
v.
DEPARTMENT OF THE ARMY, Respondent.
 No. 96-3315.
 United States Court of Appeals, Federal Circuit.
 Nov. 25, 1996.
 
 Before ARCHER, Chief Judge, NEWMAN and MICHEL, Circuit Judges.
 MICHEL, Circuit Judge.
 
 Decision
 
 1
 Pro se Petitioner Calvin J. Weber petitions for review of the initial decision of the Merit Systems Protection Board ("MSPB" or "Board") in SL3443960082I-1, dated May 17, 1996, dismissing for lack of jurisdiction and failure to state a claim in his Individual Right of Action ("IRA") appeal, filed December 21, 1995, challenging actions of the Department of the Army ("Army") and the Federal Bureau of Investigation ("FBI") and seeking corrective action under 5 U.S.C.A. § 1221(a) (1994) and 5 C.F.R. § 1209.5(a) (1996). Because we conclude the Board correctly held it did not have jurisdiction over the constitutional and criminal claims and, with respect to the request for corrective action, the FBI is not an agency covered by the restriction on prohibited personnel practices under 5 U.S.C. § 2302(a)(1)(C) (1994), we affirm.
 
 Background
 
 2
 Petitioner was employed by the Army for 19 years as an electronics engineer. On March 3, 1992, the Department of the Army received a report from the FBI summarizing the FBI's findings that Petitioner had released confidential information to the media. In response to the FBI's conclusion that Mr. Weber had disclosed classified information concerning certain capabilities and vulnerabilities of United States aircraft, the Army revoked Petitioner's security clearance on February 22, 1993. On June 11, 1993, the Army removed Petitioner from his position.
 
 
 3
 Petitioner has had, and currently has, pending numerous actions seeking to redress the revocation of his security clearance and his removal, as well as other Army personnel actions, before the Board, the United States District Court for the Eastern District of Missouri (the "District Court"), the United States Court of Appeals for the Eighth Circuit, and this court,[1] as well as a petition for certiorari in the United States Supreme Court. On December 4, 1995, the District Court dismissed Mr. Weber's complaint alleging a violation of the Federal Tort Claims Act in 4:95CV1282-DJS. The dismissal was based upon the Eighth Circuit's ruling in Weber v. Named Federal Officials, No. 95-2164, 68 F.3d 479 (table), 1995 WL 564523 (8th Cir. Sept. 25, 1995), which held that the Civil Service Reform Act of 1978 ("CSRA") constituted plaintiff's sole remedy for the acts described in his complaint.
 
 
 4
 Mr. Weber then filed the complaint forming the basis of this appeal before the Board alleging that the FBI maliciously instituted a baseless and knowingly false criminal prosecution, willfully made false and fraudulent statements, engaged in conspiracy, and engaged in a "maliciously and unconstitutional act" of using false and unsustained charges in "legal/administrative proceedings" by the Army. Mr. Weber further alleged the actions of the FBI were a result of his whistleblowing activity and violated his rights under the First, Fourth, Fifth, Sixth, and Ninth Amendments of the United States Constitution and violated sections 1001 and 372 of title 18 of the United States Code.
 
 
 5
 The MSPB dismissed his appeal, without a hearing, holding that Mr. Weber was precluded from bringing an IRA appeal pursuant to the Whistleblower Protection Act ("WPA") against the FBI, because the FBI was not an "agency" as defined by the WPA. 5 U.S.C. § 2302 (1994). It also held that it could not take corrective action against the Army, since the act of providing allegedly false information about him to the FBI was not a "personnel action" under 5 U.S.C. § 2302(a)(2)(A) (1994). The MSPB decision became final on June 21, 1996, and Mr. Weber timely filed an appeal to this court on July 16, 1996.
 
 Discussion
 
 6
 Since Mr. Weber has stated, "In my December 21, 1995 appeal [to the Board in the present case], I did not appeal any action taken by the Army," we limit our review to Mr. Weber's claim concerning the actions of the FBI. With respect to that claim, Mr. Weber argues that the Board failed to properly take into account the statement in the District Court's order dismissing his Federal Tort Claims Act claims, stating that against the FBI "[P]laintiff's sole remedy is found in the CSRA." Mr. Weber also argues that because "Article III of the Constitution ... conveys plenary jurisdiction upon the Federal Courts," the Board and this court have jurisdiction over his constitutional claims and claims for malicious prosecution, as well as his claims that the report issued by the FBI was "false, fraudulent and fictitious."
 
 
 7
 First, with respect to the District Court's statement in its second dismissal (of the claims against the United States for actions of the FBI) that Mr. Weber's sole remedy resides in the CSRA, the District Court relied on Named Federal Officials, 68 F.3d 479 (table), 1995 WL 564523 at ---1, the appeal from its first dismissal (of the claim against the Army employees), as law of the case. In that non-precedential decision, the Eighth Circuit merely held that the facts alleged by Mr. Weber did not give rise to any cause of action outside the CSRA. Id. Accordingly, the dismissal in the second (FBI) case also held the same. Merely stating that the CSRA scheme is comprehensive, however, does not mean or imply that the CSRA necessarily gives a remedy, or even jurisdiction, to the Board against any government entity for any government action, in this case the FBI for allegedly false reports to the Army. All the Eighth Circuit held was that there was no remedy available under the Federal Tort Claims Act for Weber's complaint and that if there were a remedy against the FBI, it would be under the CSRA. Id. It did not rule, and lacked jurisdiction to rule, that there was such a remedy against the FBI under the CSRA as extended by the WPA.
 
 
 8
 Second, with respect to Mr. Weber's claims that the MSPB had jurisdiction over his claim and that the Board erred by not reaching the merits of his claim and examining the relevant evidence, the jurisdiction of the MSPB is limited to that granted to it by "law, rule or regulation." 5 U.S.C. § 7701(a) (1994). The Board did not have jurisdiction over the constitutional and common law claims and criminal statutes because the Board has not been given jurisdiction by Congress over such matters. See 5 C.F.R. § 1201.3 (1996) (listing matters appealable to MSPB). Since the Board is not an Article III court or judicial tribunal, nothing therein can convey jurisdiction to the Board. With respect to Mr. Weber's request for corrective action, the Board correctly held that 5 U.S.C. § 2302(a)(2)(C)(ii) (1994) specifically excludes the FBI from the list of "agenc[ies]" which are prohibited from engaging in "prohibited personnel practice[s]" under 5 U.S.C. § 2302(a)(2) (1994). See also Booker v. Merit Sys. Protection Bd., 982 F.2d 517, 518-19 (Fed.Cir.1992). The MSPB accordingly did not have jurisdiction over any of Mr. Weber's claims against the FBI, and certainly not against the FBI for corrective action.
 
 
 9
 Third, Mr. Weber claims that because the Constitution grants "plenary jurisdiction" to the federal courts, his constitutional and statutory claims can be heard by the Board, or, alternatively, this court. As noted, Article III has no effect on the Board. As to this court, the Constitution vests "The judicial Power of the United States ... in such inferior Courts as the Congress may from time to time establish." U.S. Const. art. III. As the Supreme Court stated very early in the nation's history, "[H]aving a right to prescribe, Congress may withhold from any court of its creation jurisdiction of any of the enumerated controversies." Sheldon v. Sill, 49 U.S. (8 How.) 441, 448 (1850). The Constitution merely states the outer limits of the lower federal courts' jurisdiction; it is then incumbent on Congress to grant this jurisdiction by statute. Id. Therefore, the jurisdiction of both the Board and the Federal Circuit is purely statutory. Congress acted within its power in limiting the Board to reviewing actions of certain agencies as prescribed by statute, and in limiting this court to reviewing those decisions of the Board only to determine if they are (i) "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law," (ii) obtained in the absence of procedures "required by law, rule or regulation," or (iii) "unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994).
 
 
 10
 1. The Board did not err in its dismissal. Further, the Board did not abuse its discretion when it did not compel discovery, for the jurisdictional issue mooted the discovery rights. Nor did the Board abuse its discretion when it denied Mr. Weber a hearing since there was no non-frivolous allegation of jurisdiction. See Manning v. Merit Sys. Protection Bd., 742 F.2d 1424, 1427-28 (Fed.Cir.1984).
 
 
 11
 There can be no question that the Board lacked jurisdiction, given the plain meaning of the CSRA, and the WPA incorporated therein, over the FBI or for the acts that are the subject of Mr. Weber's complaint. We must therefore affirm the decision of the Board.
 
 
 
 [1]
 Among other actions filed in this court, Mr. Weber has filed an appeal in Weber v. Merit Sys. Protection Bd., No. 96-3320 (Fed. Cir. filed Sept. 10, 1996), challenging the Board's dismissal of a complaint that the Army violated its regulations during the investigation that led to the revocation of his security clearance