■ Mr. Justice GRIER
 

 delivered the opinion of the court.
 

 The only question which it will be necessary to notice in this case is, whether the Circuit Court had jurisdiction.
 

 Sill, the complainant below, a- citizen of New York, filed his bill in the Circuit Court of the United States for Michigan, against Sheldon, claiming to recover the amount of a bond and
 
 mortgage,
 
 which had been assigned to him by Hastings, the President of the Bank of Michigan.-
 

 Sheldon, in his answer, among other things, pleaded that “ the bond and mortgage in controversy, having been originally given by a citizen of Michigan to another citizen of the same State, and the complainant being assignee of them, the Circuit Court had no jurisdiction.” •
 

 The eleventh section of the Judiciary Act, which defines the jurisdiction of the Circuit Courts, restrains them from taking “ cognizance of any suit to recover the contenté of any promissory note or other chose in action, in favor of an assignee, unless a suit might have'been prosecuted in such court to recover the contents, if no assignment had been made, except iñ cases of foreign bills of exchange.”
 

 The third article of the Constitution declares that “ the judicial power of the United States shall be vested in one Supreme Court, and such inferior courts as the Congress may, from time to time, ordain and establish.” The second section of the same article enumerates the cases and controversies of which thfe judicial power shall have cognizance, and, among others, it specifies “controversies between citizens of different Slates.”
 

 It -has been alleged, that this restriction of the Judiciary Act, with regard, to assignees of choses in action, is in conflict with this provision óf the' Constitution, and therefore void.
 

 It must be admitted, that if the Constitution had ordained and established the inferior courts, and distributed to them their respective powers, they could not. be restricted or divested by Congress, But as it has made no such distribution, one. of two consequences must result, —either that each inferior court created by Congress must exercise all the judicial powers not given to the Supreme Court, or that Congress; having the power to establish the courts, must define their respective jurisdic
 
 *449
 
 tions. The first of these inferences has never been asserted, and could not be defended with any show of reason, and if not, the latter would seem to follow as a necessary consequence. And it would seem to follow, also, that, having a right to prescribe, Congress may withhold from any court of its creation jurisdiction of any of the enumerated controversies. Courts created by statute can-have no jurisdiction but such as the statute confers. No one of them can assert a just claim to jurisdiction exclusively conferred on another, or withheld from all.
 

 The Constitution has defined the limits of the judicial power of the United States, but has not prescribed how much of it shall be exercised by the Circuit Court; consequently, the statute which does prescribe the limits of their jurisdiction, cannot be in conflict with the Constitution, unless it confers powers not enumerated therein.
 

 Such has been the doctrine held by this court since its first establishment. To enumerate all the cases in which it has been either directly advanced or tacitly assumed would be tedious and unnecessary.
 

 In the case of Turner
 
 v.
 
 Bank of North America, 4 Dall. 10, it was contended, as in this case, that, as it was a controversy between citizens of different States, the Constitution gave the plaintiff a right to sue in the Circuit Court, notwithstanding he was an assignee within the restriction of the eleventh section-of the Judiciary Act. But the court said,— “ The political truth is, that the disposal of the judicial power (except in a few specified instances) belongs to Congress: and Congress is not bound to enlarge the jurisdiction of the Federal courts to every subject, in every form which the Constitution might warrant.” This decision was made in 1799 ; since that time, the same doctrine has been frequently asserted by this court, as may be seen in McIntire
 
 v.
 
 Wood, 7 Cranch, 506; Kendall
 
 v.
 
 United States, 12 Peters, 616; Cary
 
 v.
 
 Curtis, 3 Howard, 245.
 

 The only remaining inquiry is, whether the complainant in this case is the assignee of a
 
 “
 
 chose in action,” within the meaning of the statute. The term “ chose in action ” is one of comprehensive import. It includes the infinite variety of contracts, covenants, and promises, which confer on one party a right to recover a personal chattel or a sum of money from another, by action.
 

 It is truc, a deed or title for land does not come within this description. And it is true, also, that a mortgagee may avail himself of his legal title to recover in ejectment, in a court of law. Yet. even there, he is considered as having but a chattel
 
 *450
 
 interest, while the mortgagor is treated as the true owner. The land will descend to the heir of the mortgagor. His widow will be entitled to dower. But on the death of the mortgagee, the debt secured by the mortgage will be assets in the hands of his executor, and although the technical legal estate may descend to his heir, it can be used only for the purpose of obtaining satisfaction of the debt. The heir will be but a trustee for the executor.
 

 In equity, the debt or bond is treated as the principal, and the mortgage as the incident. It passes by the assignment or transfer of the bond, and is .discharged by its payment. It is, in fact, but a special security, or lien on the property mortgaged. The remedy obtained on it in a court of equity is not the recovery of land, but the satisfaction of the debt. It is the pursuit by action of one debt on two instruments or securities, the one general the other special. The decree is, that the mortgaged premises be sold to pay the debt, and if insufficient for that purpose, that the complainant have further remedy, by execution, for the balance.
 

 The complainant in this case is the purchaser and assignee of a sum of money, a debt, a chose in action, not of a tract of land. He seeks to recover by this action a debt assigned to him. He is therefore the “ assignee of a chose in action,” within the letter and spirit of the act of Congress under consideration, and cannot support this action in the Circuit Court of the United States, where his assignor could not.
 

 The judgment of the Circuit Court must therefore be reversed, for want of jurisdiction.
 

 Order.
 

 This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the District of Michigan, and was argued by counsel. On consideration whereof, it is now here ordered and decreed by this court, that this cause be, and the same is hereby, reversed, for the want of jurisdiction in that court, and that this cause be, and the same is hereby, remanded to the said Circuit Court, with directions to dismiss the bill of complaint for the want of jurisdiction.