**Roger Dean BELLAMY, d/b/a Garden City Seafood, and Eastern Shore Shellfish, Inc., Plaintiff,**

v.

**Lt. R.C. BORDERS and Maurice Pruitt, Both Individually, and as Agents and/or Servants of the Department of Wildlife and Marine Resources, Kenneth B. Moore, Individually, and as an Agent and/or Servant of the Department of Health and Environmental Control, Department of Wildlife and Marine Resources, the Department of Health and Environmental Control, and The United States of America, Defendants.**

Civ. A. No. 4:89–1504–15.

United States District Court,
D. South Carolina,
Florence Division.

Nov. 22, 1989.

**248**

John R. Clarke, William Isaac Diggs, Law Offices of John R. Clarke, North Myrtle Beach, S.C., for plaintiff.

L. Sidney Connor, IV, P.F. Luke Hughes, Nelson, Mullins, Riley & Scarborough, Myrtle Beach, S.C., for defendants.

### ORDER

HAMILTON, District Judge.

Plaintiff brings the present action alleging that his constitutional rights to due process were violated incidental to his arrest and prosecution by state and federal authorities. The original defendants included two state agencies, three state law enforcement officers, the National Marine Fishery Service, two federal law enforcement officers, and the United States. Plaintiff seeks monetary damages in his § 1983 claim. Plaintiff also alleges pendent claims of malicious prosecution, civil conspiracy, and libel and slander. The matter is before the court on the state defendants' motion to dismiss. Rule 12(b), Fed. R.Civ.Proc.[1]

On November 6, 1986, Roger Dean Bellamy (Bellamy) was indicted by a Federal Grand Jury on charges of buying and selling clams in interstate commerce knowing that the clams were sold in violation of DHEC Regulation 61–47 (4.40, 4.41); S.C. Code Ann. § 44–1–150; 16 U.S.C. §§ 3372(a)(2)(A) and 3373(d)(1)(B); and 18 U.S.C. § 2. In the same indictment he was charged with conspiracy to sell in interstate commerce shellfish that he knowingly purchased without proper identification tags in violation of the laws and regulations of the State of South Carolina. On March 4, 1987, Bellamy, with the advice of legal counsel, pled guilty to two of the four counts of the indictment, and was given a two year suspended sentence with probation for five years. *See United States v. Dean Bellamy*, Crim. No. 86–296 (D.S.C. Charleston Div.1987).

On or about November 7, 1986, one day after Bellamy was indicted on federal charges, defendant Borders, an officer of the South Carolina Department of Wildlife and Marine Resources, signed an affidavit which led to Bellamy's arrest pursuant to an arrest warrant charging him with selling clams and other shellfish without a license on 211 occasions in violation of S.C. Code Ann. § 50–17–450. Thereafter, the charges were either dismissed or ended in a jury acquittal. Complaint, paras. 8 and 10.

On or about November 12, 1986, defendant Moore, an officer of the South Carolina Department of Health and Environmental Control, signed four affidavits which led to Bellamy's arrest pursuant to four arrest warrants charging him with buying improperly tagged or identified bags of shellfish in violation of DHEC Regulation 61–47, § 4.40. Thereafter, three of the warrants were dismissed by the court in Bellamy's favor and one warrant resulted in a jury acquittal. Complaint, paras. 14, 15, and 16.

The state defendants contend that the present complaint fails to state a claim pursuant to 42 U.S.C. § 1983 (§ 1983) against the state agencies and state officials because they are not "persons" within the meaning of that statute. Additionally, the state defendants assert that eleventh amendment immunity bars the present suit.

---

**1.** The state defendants include Lt. R.C. Borders, Maurice Pruitt, Kenneth B. Moore, the Department of Wildlife and Marine Resources, and the Department of Health and Environmental Control.

The state defendants also allege that the § 1983 claim against the three individual state officers should be dismissed on grounds of qualified immunity. Finally, the state defendants maintain that the pendent claims asserted against the state agencies and state officials are time barred by either S.C.Code Ann. § 15–78–100 or § 15–3–550.

Plaintiff opposes the state defendants' motion to dismiss on grounds that the state defendants waived their eleventh amendment immunity by removing a previous suit filed in state court which involved the same facts and circumstances as the present action (Civil Action 4:88–2555–15). Plaintiff apparently argues that should the court find that the state defendants have in fact waived their eleventh amendment immunity, that they are, therefore, also rendered a "person" for purposes of § 1983. Alternatively, plaintiff maintains that the state defendants have waived their immunity under the South Carolina Tort Claims Act, S.C.Code Ann. § 15–78–10, *et seq.*, because § 15–78–70 of that Act allows state employees to be indemnified by the state for acts committed within the scope of their employment. Plaintiff also argues that his claims will be time barred if the state defendants' motion is granted. Assuming the court determines the state agencies are entitled to eleventh amendment immunity, plaintiff nonetheless asserts that the individual state officers are not immune under S.C.Code Ann. § 15–78–70(b) for acts committed *outside* the scope of their employment. Lastly, plaintiff submits that the statute of limitations has not run on his pendent claims arising under the South Carolina Tort Claims Act.

The plaintiff purports to bring his federal claims under § 1983, which provides:

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects or causes to be subjected, any person of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

### State Agencies

■ Plaintiff seeks money damages under § 1983 against two state agencies in his complaint, the South Carolina Department of Wildlife and Marine Resources and the South Carolina Department of Health and Environmental Control. The questions presented to this court, therefore, are whether these state agencies are "persons" for purposes of § 1983 and whether these agencies have waived their immunity from suit in federal court under the eleventh amendment to the United States Constitution.

In *Will v. Michigan Department of State Police,* —— U.S. ——, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), the Supreme Court held that neither a State nor its officials acting in their official capacities are "persons" for purposes of damages actions brought under § 1983. Thus, it would appear that the present § 1983 damages claim is not cognizable against the two state agencies.

Nevertheless, plaintiff relies on *Della Grotto v. State of Rhode Island,* 781 F.2d 343 (1st Cir.1986) for the proposition that where a state waives its eleventh amendment immunity it also becomes a "person" for purposes of § 1983. Plaintiff's reliance on the *Della Grotto* decision is misplaced, however, because its reasoning has been effectively repudiated by the Supreme Court's decision in *Will.* As an initial matter, the *Della Grotto* court itself conceded that the issue of eleventh amendment immunity and the determination of whether a state is a person under § 1983 represent two distinct issues. The *Will* Court also explicitly concluded that the scope of eleventh amendment immunity and the scope of § 1983 were different issues. *Will,* 109 S.Ct. at 2309. The procedural posture of the *Will* case also implicitly reveals that the Court's decision was not premised entirely upon eleventh amendment immunity. The *Will* case arose through the Michigan state court system—where eleventh amendment immunity was not even an issue.

Perhaps Justice Brennen, in his dissent in *Will,* best characterized the irrelevancy of a state's waiver of eleventh amendment immunity to the issue of whether a state is a person for purposes of § 1983. He asserted:

> [t]o describe the breadth of the Court's holding is to demonstrate its unwisdom. If States are not "persons" within the meaning of § 1983, then they may not be sued under that statute regardless of whether they have consented to suit. Even if, in other words, a State formally and explicitly consented to suits against it in federal or state court, no § 1983 plaintiff could proceed against it because States are not within the statute's category of possible defendants.

109 S.Ct. at 2319. Consequently, the present § 1983 claim is not cognizable against the defendant state agencies regardless of whether they have waived their immunity to suit under the eleventh amendment.

■ Even were the defendant state agencies subject to suit under § 1983, it is clear that these defendants are immune from damages suits in a federal forum. *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). *See Will,* 109 S.Ct. at 2309. Consequently, the defendant state agencies are immune from suit in federal court unless the state has consented to be sued. *See, e.g., Alabama v. Pugh,* 438 U.S. 781, 782, 98 S.Ct. 3057, 3058, 57 L.Ed.2d 1114 (1978) (per curiam).

Plaintiff argues that the subject state agencies waived their immunity by virtue of actions they took in the *previous* state court action involving the same facts and circumstances, which was ultimately dismissed, without prejudice, upon joint stipulation of the parties subsequent to its removal to federal court. In this previous action, the subject state agencies joined in the petition for removal of that case from state court, filed an answer, and demanded a jury trial.

Nonetheless, the defendant state agencies have not explicitly, or implicitly through their conduct, waived their immunity from suit in federal court in the *present* suit, which was originally filed in federal court, for several reasons. First, the State of South Carolina has explicitly preserved its immunity from suit in federal court. S.C.Code Ann. § 15–78–20(e) provides:

> (e) Nothing in this chapter is construed as a waiver of the state's or political subdivision's immunity from suit in federal court under the Eleventh Amendment to the Constitution of the United States nor is consent to be sued in any state court beyond the boundaries of the State of South Carolina.

Moreover, the state agencies have done nothing more than file a motion to dismiss primarily based upon alleged jurisdictional defects in the instant action. Accordingly, the court is constrained to conclude that the defendant state agencies have not waived their immunity from suit under the eleventh amendment.[2] Defendants' motion to dismiss the South Carolina Department of Wildlife and Marine Resources and the South Carolina Department of Health and Environmental Control is granted. Rule 12(b)(1) & (6), Fed.R.Civ.Proc.

### *Individual State Officers*

■ The state defendants also contend that the present § 1983 claim is barred against the individual state officers, Lt. R.C. Borders, Maurice Pruitt, and Kenneth B. Moore. The court has concluded that the present § 1983 claim is barred against the individual state officers in their official capacities for the same reasons which constrain this court to grant the motion to dismiss the two state agencies. To the extent plaintiff's § 1983 cause of action is

---

**2.** In a last desperate attempt to convince the court to assert jurisdiction notwithstanding immunity, plaintiff argues that dismissal at this juncture may well bar his claims under the applicable statute of limitations. Plaintiffs argument must fail, however, since it is a recognized practice within the District of South Carolina to file simultaneous actions in federal and state court where the availability of a federal forum is questionable.

directed against the individual state officers in their individual capacities, it is clear that it is barred by virtue of qualified immunity.

■ It is well established that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will,* 109 S.Ct. at 2311; *Jensen v. Conrad,* 570 F.Supp. 91, 100 n. 2 (D.S.C. 1983), *aff'd,* 747 F.2d 185 (4th Cir.1984), *cert. denied,* 470 U.S. 1052, 105 S.Ct. 1754, 84 L.Ed.2d 818 (1985). "As such, it is no different from a suit against the State itself." *Will,* 109 S.Ct. at 2311. Consequently, to the extent that plaintiff's § 1983 allegations are directed against the individual state officers in their official capacities, this court is without jurisdiction to redress such grievances.

Possibly anticipating the likely outcome in light of *Will* and well established principles of eleventh amendment immunity, plaintiff urges this court to allow him to proceed against the individual state officers for acts allegedly committed outside the scope of their duties. In this regard, plaintiff's § 1983 claim must be construed liberally and all doubts must be resolved in his favor. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Revene v. Charles County Commissioners,* 882 F.2d 870, 872 (4th Cir. 1989). Nevertheless, § 1983 allegations that recite bare legal conclusions that are "wholly devoid of facts," *see Strauss v. City of Chicago,* 760 F.2d 765, 767 (7th Cir.1985), are subject to dismissal. *Revene, supra.* The Supreme Court has repeatedly emphasized that mere allegations of malice do not destroy qualified immunity and in essence "subject government officials either to the costs of trial or to the burdens of broad-reaching discovery." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986). Consequently, plaintiff's complaint must survive a two-part inquiry to defeat defendants' motion. First, plaintiff's complaint must allege sufficient facts to reveal the subject individual state officers were acting outside the scope of their employment. *Chiles v. Crooks,* 708 F.Supp. 127 (D.S.C.1989). Second, the complaint must also allege specific facts demonstrating that the actions of the individual state defendants were objectively unreasonable "assessed in light of the legal rules that were 'clearly established' at the time [they were] taken." *Anderson v. Creighton,* 483 U.S. 635, 639, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987). But plaintiff's complaint does neither.

Plaintiff's complaint provides in pertinent part:

32. Actions taken by Defendants, both jointly and severally, and both individually and as agents, of their respective governmental agencies, where actions under color of State law, and caused the Plaintiff, Bellamy, to be subjected to a deprivation of rights, privileges, and immunities secured to him by the Constitution and the laws of the United States of America. Specifically, he has been arrested without probable cause, jailed without probable cause, and has suffered great humiliation, ridicule, and mental anguish as a result thereof.

33. Actions taken by the foregoing Defendants caused Plaintiff, Bellamy, to be arrested without probable cause, and denied him due process of law.

34. As a direct and proximate result of the actions taken by the Defendants, Plaintiffs have suffered additional damages to their business, standing in the community, reputation, and attorney's fees and costs. Defendants' conduct was wanton, reckless and malicious towards Plaintiff, Bellamy . . . .

Complaint, paras. 32–34. Plaintiff's entirely conclusory allegations, which do not even differentiate between the different state agencies, the federal agencies, or any of the individual federal or state officers, are wholly devoid of any specific facts demonstrating that the individual *state* defendants exceeded the scope of their employment duties or violated any known right of sufficiently precise "contours" to survive the state defendants' motion to dismiss. *Anderson,* 483 U.S. at 640, 107 S.Ct. at 3039.

Of course, the Supreme Court's decision in *Will* and principles of eleventh amendment immunity do not leave plaintiffs without a forum for redress of their grievances. In South Carolina an aggrieved party may file suit under the South Carolina Tort Claims Act, S.C.Code Ann. § 15–78–10, *et seq.*, for any "loss proximately caused by a tort of the State, an agency, a political subdivision, or a governmental entity...." Apparently, however, jurisdiction for any actions brought under the South Carolina Tort Claims Act lies "in the circuit court and brought in the county in which the act or omission occurred," § 15–78–100(b), as the State has explicitly preserved its immunity from suit in federal court or in any state court outside the boundaries of South Carolina. § 15–78–20(f). Accordingly, the plaintiff who timely files his or her claims in state court is not deprived of a forum for redress of his or her grievances.[3] Because the wholly conclusory allegations of plaintiff's § 1983 claim do not even meet the liberal notice pleading requirements of the Federal Rules of Civil Procedure, this court is constrained to grant the state defendants' motion to dismiss as to the individual state officers, Lt. R.C. Borders, Maurice Pruitt, and Kenneth B. Moore.

### Disposition of Pendent Claims

 The court's disposition of plaintiff's § 1983 claim leaves only several pendent claims for judicial resolution. Plaintiff contends that this court should retain jurisdiction over his plaintiff claims because they may be time barred if they are dismissed without prejudice. Plaintiff cites *Federman v. Empire Fire and Marine Insurance Company*, 597 F.2d 798, 809 (2d Cir. 1979) for the proposition that a federal district court *may* retain jurisdiction of pendent claims where dismissal without prejudice would bar plaintiff from rebring-

ing his suit in state court. Nonetheless, even the *Federman* Court recognized that dismissal of pendent claims is the recommended procedure where, as here, the federal claim is disposed of prior to trial. *Id.* And the *Federman* court also noted that plaintiff could have proceeded in the state courts by initiating an action there while his case remained *sub judice* in the federal courts. *Id.* n. 18. Plaintiff here did not choose this course and, in addition, it cannot be overlooked that eleventh amendment immunity bars damages action against the state regardless of the substantive claims asserted. Accordingly, this court is constrained to dismiss plaintiff's pendent claims without prejudice. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Based on the foregoing reasoning and cited authorities, this court has concluded that the state defendants' motion to dismiss should be granted. Rule 12(b)(1, 6), Fed.R.Civ.Proc.

IT IS SO ORDERED.

---

**3.** It was not until 1875 that the Congress enacted a permanent general "federal question" statute. M. Redish, *Federal Jurisdiction: Tensions in the Allocation of Judicial Power,* at 64 (1980). Until that time, Congress relied almost exclusively on the respective state judiciaries as original forums for adjudication of federal law. To the extent that *Will* precludes assertion of federal question claims under § 1983 against state de-

fendants or their officers acting in their official capacity, it suffices to say that the Supreme Court has long held that Congress has broad power to limit the jurisdiction of the lower federal courts. *See, e.g., Sheldon v. Sill,* 49 U.S. (8 How.) 441, 12 L.Ed. 1147 (1850); *Lockerty v. Phillips,* 319 U.S. 182, 63 S.Ct. 1019, 87 L.Ed. 1339 (1943).