# United States Court of Appeals for the Federal Circuit

---

**KAREN DIXON,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2015-7051

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 08-1475, Chief Judge Bruce E. Kasold.

---

Decided: March 9, 2016

---

HOLLY ELIZABETH STERRETT, Arnold & Porter, LLP, Denver, CO, argued for claimant-appellant. Also represented by THOMAS W. STOEVER, JR.

ALEXANDER V. SVERDLOV, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY, JR.; Y. KEN LEE, MARTIN J. SENDEK, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before NEWMAN, CHEN, and STOLL, *Circuit Judges.*

CHEN, *Circuit Judge.*

Karen Dixon, recently substituted as appellant for her deceased husband Donald Dixon, appeals a decision by the Court of Appeals for Veterans Claims (Veterans Court) dismissing her appeal based on a non-jurisdictional timeliness defense that Robert McDonald, Secretary of Veterans Affairs (the Secretary) waived. Because the Veterans Court does not have the sua sponte authority to grant the Secretary relief on a defense he waived, we reverse the dismissal of Mrs. Dixon's appeal and remand for consideration on the merits.

## BACKGROUND

Mr. Dixon served in the Army from 1979 through 1992, including in the Persian Gulf War. *Dixon v. Shinseki*, 741 F.3d 1367, 1370 (Fed. Cir. 2014) (*Dixon I*). Mr. Dixon was diagnosed in 2003 with sarcoidosis of the lungs and transverse myelitis. *Id.* He filed a claim with the Department of Veterans Affairs (VA) seeking benefits for his sarcoidosis, which he alleged was connected to his service. *Id.*

A VA regional office denied Mr. Dixon's claim, and the Board of Veterans Appeals affirmed this denial. *Id.* Acting pro se, Mr. Dixon filed a notice of appeal with the Veterans Court. *Id.* He filed this notice of appeal late, sixty days beyond the 120-day filing deadline set out in 38 U.S.C. § 7266(a). *Id.*

The Veterans Court found that, because Mr. Dixon had filed late, it was without jurisdiction to hear his appeal or to take up any argument that equitable tolling excused his filing delay. J.A. 130. Although the Veterans Court offered no explanation for its determination that it

lacked jurisdiction, it presumably believed itself bound by the Supreme Court's *Bowles* opinion, which clarified that Article III appellate courts lack jurisdiction to excuse a filing delay when a notice of appeal has been filed out of time. *See, e.g., Henderson v. Peake*, 22 Vet. App. 217, 221 (2008) (citing *Bowles v. Russell*, 551 U.S. 205, 214 (2007)). After the Veterans Court dismissed Mr. Dixon's appeal, the Supreme Court held that *Bowles* did not extend to appeals before the Veterans Court. *Henderson v. Shinseki*, 562 U.S. 428, 431 (2011). After determining that the *Henderson* holding would alter the reasoning underlying its dismissal of Mr. Dixon's appeal, the Veterans Court informed Mr. Dixon that he could move to recall the mandate based on an equitable-tolling argument. *Dixon I*, 741 F.3d at 1371. He made this motion. *Id.*

The Veterans Court denied Mr. Dixon equitable tolling. *Id.* He obtained pro bono counsel and filed a request for reconsideration of this denial, but the Veterans Court denied that request too. *Id.* Mr. Dixon appealed, but then he died of his medical conditions while his appeal was pending before us. We reversed because the Veterans Court's denial of an extension of time had effectively denied Mr. Dixon's new pro bono counsel access to evidence he would need to prove his claim, and we remanded to the Veterans Court with instructions to consider the evidence Mr. Dixon obtained after the deadline. *Id.* at 1379. On remand, the Veterans Court substituted Mrs. Dixon and requested briefing from the parties on whether equitable tolling excused Mr. Dixon's late filing. Mrs. Dixon submitted evidence and argument supporting her claim that equitable tolling excused her husband's filing delay. The Secretary responded by waiving[1] his objection

---

[1] The Secretary's briefing before the Veterans Court stated that "it appears the criteria [for equitable tolling]

that Mr. Dixon filed his appeal out of time. Despite this waiver, the Veterans Court considered and rejected Mrs. Dixon's equitable-tolling arguments sua sponte. It dismissed Mrs. Dixon's appeal, granting the Secretary relief he had explicitly declined to seek on a defense he had waived.

## DISCUSSION

We have jurisdiction over this appeal under 38 U.S.C. § 7292(a). *See Maggitt v. West*, 202 F.3d 1370, 1374 (Fed. Cir. 2000) ("The jurisdictional reach of the Veterans Court presents a question of law for our plenary review.").

In *Henderson*, the Supreme Court considered whether the 120-day period set out in 38 U.S.C. § 7266 to bring an appeal to the Veterans Court is jurisdictional in nature. *Henderson*, 562 U.S. at 434. It contrasted the language of § 7266 with that of the statute setting out an analogous time limit for appeals of Veterans Court decisions to the Federal Circuit. *Id.* at 438 (citing 38 U.S.C. § 7292(a)). It found the time bar on appeals to the Federal Circuit to directly incorporate language from the jurisdictional time bars ordinarily applicable to appellate review of district courts, but § 7266 to use different language to describe its bar. *Id.* at 438–39. It found the placement of § 7266 in the enacting legislation—in a

---

have been satisfied," and that "the Secretary is unopposed to the application of equitable tolling." J.A. 239–40. The Veterans Court took these statements not to be a waiver. The Veterans Court's interpretation of these statements as anything but a waiver is incorrect, and both parties before us acknowledged during oral argument that the Secretary unambiguously waived his timeliness objection. We therefore engage the Veterans Court's alternative reasoning that it can dismiss this case even in the face of a waiver.

subchapter entitled "procedure"—to similarly provide no indication that Congress intended the time bar to be jurisdictional. *Id.* at 439. Lastly, it found Congress's purpose in creating the Veterans Court—to "place a thumb on the scale in favor of veterans"—to imply that Congress could not have intended this time bar to subject veterans to the "harsh consequences that accompany the jurisdiction tag." *Id.* at 440–41 (internal quotation and citation omitted).

After the Supreme Court remanded *Henderson* to us, we in turn remanded the case without additional comment to the Veterans Court. On that remand, the Veterans Court considered a number of consolidated cases and issued an opinion captioned *Bove v. Shinseki*. 25 Vet. App. 136 (2011). The Veterans Court made a number of determinations as to how it would implement the *Henderson* holding that the statutory time bar was non-jurisdictional. It first held that, because the time bar is non-jurisdictional, equitable tolling may excuse a veteran's failure to comply with it. *Id.* at 140. It went on to consider whether it had two types of sua sponte authority: (1) the authority to raise the time bar early at the outset of the proceedings, and (2) the authority to resolve whether an appeal is time-barred even in the face of a forfeiture or waiver by the Secretary. *Id.* at 140–43. It recognized that, as a general background rule, courts lack the authority to raise or resolve non-jurisdictional timeliness defenses sua sponte. *Id.* at 141 (citing *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133 (2008)). It also noted that the Supreme Court has recognized an exception to this general rule where a district court considering a habeas petition may, under some circumstances, raise a non-jurisdictional timeliness defense sua sponte even after the state had failed to raise that defense. *Id.* (citing *Day v. McDonough*, 547 U.S. 198, 202 (2006)). Noting policy concerns—the need to prevent the Secretary from controlling the court's docket by selectively

raising the time bar and the court's own interest in managing its docket—the Veterans Court determined itself to benefit from an exception to the general rule. *Id.* at 143. It thus granted itself both the sua sponte authority to raise the timeliness issue early and the sua sponte authority to resolve this issue even in the face of a forfeiture or waiver by the Secretary. *Id.*

In *Checo v. Shinseki*, we considered the first of the two types of sua sponte authority the Veterans Court granted itself in *Bove*: the authority to raise timeliness early and request preliminary briefing on it from the parties. 748 F.3d 1373 (Fed. Cir. 2014). In *Checo*, the Veterans Court had determined in its initial case screening that the veteran's appeal might have been time-barred. *Id.* at 1376. As is apparently its general policy, it requested preliminary briefing specific to the issue of timeliness from both the veteran and the Secretary. *Id.* The veteran submitted briefing arguing that equitable tolling excused her filing delay, and the government submitted briefing asserting its defense and requesting dismissal because the facts did not satisfy the conditions for equitable tolling. The Veterans Court considered this briefing and granted the government the relief it sought on its defense. *Id.* at 1376. We held that the Veterans Court has broad autonomy to establish its own procedural rules, including the ability to identify an issue for early briefing. *Id.* at 1377–78.

The case now before us presents the second type of sua sponte authority that the Veterans Court determined itself to have in *Bove*: the authority to resolve timeliness in the face of the Secretary's waiver by granting him relief that he explicitly declined to seek. The Veterans Court erred in determining itself to have this power. It correctly recognized the "general rule" that courts cannot grant relief on a non-jurisdictional timeliness defense in the face of a waiver. J.A. 6; *accord Bove*, 25 Vet. App. at 141. Its conclusion that it fell within an exception to this general

rule, however, was incorrect for three primary reasons: (1) it failed to account for statutory limits to its jurisdiction, (2) it misread the Supreme Court precedent creating an exception to the general rule, and (3) it misapprehended the relevant policy considerations. For these reasons, we overrule the Veterans Court's holding in *Bove* that timeliness is not a matter subject to waiver by the Secretary. *See Bove*, 25 Vet. App. at 143.

First, the Veterans Court failed to consider the statutory limits to its jurisdiction. "Courts created by statute can have no jurisdiction but such as the statute confers." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988) (quoting *Sheldon v. Sill*, 49 U.S. 441, 449 (1850)). The Veterans Court was created by statute, so we look first to that statute to determine the scope of its authority. In doing so, we apply the interpretive canon that statutes benefitting veterans are to be construed in the veterans' favor. *Henderson*, 562 U.S. at 441; *King v. St. Vincent's Hosp.*, 502 U.S. 215, 220–21 n.9 (1991); *Coffy v. Republic Steel Corp.*, 447 U.S. 191, 196 (1980). When Congress granted the Veterans Court jurisdiction, it included an explicit limit: the court may decide issues only "when presented." 38 U.S.C. § 7261(a); *see also* 38 U.S.C. § 7252(b) (limiting the Veterans Court's jurisdiction to the scope of review set out in § 7261). The plain language of this limit suggests that the Veterans Court cannot consider a non-jurisdictional time bar that the government, through a waiver, has declined to "present[]." This jurisdictional grant echoes—and uses the same "when presented" language from—the Administrative Procedures Act's grant of jurisdiction to Article III courts to review agency action. *See Henderson*, 562 U.S. at 432 n.2 (comparing 5 U.S.C. § 706 to the Veterans Court's scope of review under § 7261). The similarity between the limit Congress set for the Veterans Court and the corresponding limit for a type of case in Article III courts further suggests that Congress did not intend to grant the

Veterans Court sua sponte powers that would set it apart from other courts. This statutory language does not conclusively resolve the question before us, but it implies that Congress intended the Veterans Court to abide by the general rule that would proscribe the sua sponte authority it asserted.[2]

Second, the Veterans Court misread Supreme Court precedent creating an exception to the general rule. It correctly recognized that the Supreme Court created an exception that applies in certain types of habeas cases. *See Bove*, 25 Vet. App. at 141 (citing *Day*, 547 U.S. at 202). As an initial matter, habeas law may be of limited applicability to other areas of law. *See Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 n.2 (2016) ("[W]e have never held that [the habeas] equitable-tolling test necessarily applies outside the habeas context."). For instance, habeas procedure is governed in part by a special set of rules that grants courts some additional sua sponte powers. *See Day*, 547 U.S. at 207 (quoting Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and noting district courts' sua sponte authority to consider and

---

[2]     We note that the language of § 7261(a) does not conflict with our *Checo* holding. The "when presented" language only limits the Veterans Court's authority to decide an issue and grant relief, not to request early briefing on it. 38 U.S.C. § 7261(a)(1)–(4). In *Checo*, after the Veterans Court requested early briefing on timeliness, the Secretary "presented" the issue for purposes of § 7621(a) by taking the position in that briefing that equitable tolling did not excuse Ms. Checo's violation of the time bar. *See Checo v. Shinseki*, 26 Vet. App. 130, 132 (2013).

dismiss petitions before the government has filed any pleading). A holding that a court has enhanced sua sponte powers when reviewing a habeas case therefore may not imply the same for the Veterans Court. Additionally, the *Day* exception does not extend to the procedural scenario we face here, where the government has explicitly waived its defense. In *Day*, the Supreme Court allowed a district court to reach a defense that the state had accidentally forfeited by mistakenly failing to raise it in its pleadings. 547 U.S. at 202. It noted in dictum that the district court could not have reached this defense had the state deliberately waived it. *Id.* When faced with a deliberate waiver in a later habeas case, the Supreme Court confirmed that a court cannot consider a knowingly waived non-jurisdictional timeliness defense. *Wood v. Milyard*, 132 S. Ct. 1826, 1834 (2012). Therefore, even if the *Day* exception extends to veterans appeals, it does not permit the Veterans Court to reach the issue when, as here, the Secretary deliberately waived it.

Third, the Veterans Court based its extension of the *Day* exception to veterans appeals on a misapprehension of the relevant policy considerations. We are aware of no other court that has the sua sponte authority to resolve a deliberately waived non-jurisdictional timeliness defense. Nonetheless, the Veterans Court determined itself exceptional because the Secretary is always the defendant before it and because it has an interest in enforcing non-jurisdictional time bars independent of the Secretary's interest. But neither of these considerations sets the Veterans Court apart from other tribunals. For example, in criminal law "the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a [federal] case," *U.S. v. Nixon*, 418 U.S. 683, 693 (1974), but courts claim no special powers springing from the executive's control over their criminal dockets. And the Veterans Court cannot reasonably claim its interest in controlling its own docket sets it apart from

any other tribunal: judges generally must respect parties' waivers of statutes of limitations, laches, and other non-jurisdictional timeliness defenses, even when these defenses would allow the court to avoid stale evidence, missing witnesses, and additional caseload. The only policy consideration relevant here that truly sets the Veterans Court apart from other tribunals is Congress's intention in creating it to "place a thumb on the scale in the veteran's favor." *Henderson*, 562 U.S. at 440 (internal quotation and citation omitted). The policy considerations therefore suggest that the Veterans Court should not employ—at the expense of the veterans Congress created it to serve—an extension of the *Day* exception.

The Secretary introduces an additional argument in support of the Veterans Court's sua sponte authority to resolve this timeliness issue in the face of his waiver. We have recognized "the Veterans Court['s] broad discretion to prescribe, interpret, and apply its own rules." *Checo*, 748 F.3d at 1377. The Secretary argues that, even if statute does not provide the Veterans Court the sua sponte authority it exercised, its inclusion of an identical time bar in its rules grants it this authority. *See* Veterans Court's Rules of Practice and Procedure, Rule 4. This argument fails. The text of the rules contains nothing suggesting that the Veterans Court has a special power to enforce their time bar. Instead, the rules merely rephrase the statutory time bar in nearly identical language. *Compare* Veterans Court's Rules of Practice and Procedure, Rule 4, *with* 38 U.S.C. § 7266(a). A regulation parroting a statute does not somehow grant an agency or tribunal more expansive authority by rulemaking than it has under the statutory language. *Parker v. Office of Pers. Mgmt.*, 974 F.3d 164, 167 (Fed. Cir. 1992) (citing *Felzien v. Office of Pers. Mgmt.*, 930 F.2d 898, 902 (Fed. Cir. 1991)). We therefore find these rules not to create any special sua sponte authority.

CONCLUSION

The Veterans Court correctly recognized that, as a general rule, a court does not have the sua sponte authority to grant a party relief on a non-jurisdictional timeliness defense that the party has waived. It erred, however, in determining that it falls within an exception to this rule. Therefore, we reverse the Veterans Court's determination that it had the authority to dismiss this appeal as time-barred and remand so that it may proceed with its consideration of the appeal on the merits.

**REVERSED AND REMANDED**

No costs.