NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LARRY J. HARRINGTON,**

*Claimant-Appellant*

**v.**

**DAVID J. SHULKIN, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2017-2131

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 17-423, Judge Mary J. Schoelen.

---

Decided: September 7, 2017

---

LARRY J. HARRINGTON, Brownsburg, IN, pro se.

DANIEL KENNETH GREENE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., TARA K. HOGAN; BRIAN D. GRIFFIN, LARA EILHARDT, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before PROST, *Chief Judge,* REYNA and HUGHES,
*Circuit Judges.*

PER CURIAM.

Larry J. Harrington appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), issued in *Harrington v. Shulkin*, No. 17-0423, 2017 WL 1534063, at *1 (Vet. App. Apr. 28, 2017), dismissing as untimely his appeal of a decision of the Board of Veterans' Appeals ("Board"). Because Mr. Harrington has not raised any issue within our limited jurisdiction, we must dismiss his appeal.

I

A September 2009 rating decision by a Regional Office ("RO") of the United States Department of Veterans Affairs granted Mr. Harrington's service connection for bronchial asthma with obstructive sleep apnea, rated 30% disabling, and for gastroesophageal reflux disease, rated 10% disabling. He appealed this decision, and the RO awarded an increased 50% rating for bronchial asthma with obstructive sleep apnea.

Mr. Harrington continued the appeal and on October 11, 2016, the Board denied his claims for increased disability benefits. On February 9, 2017, one day after the 120-day statutory appeal period ended, Mr. Harrington filed a Notice of Appeal at the Veterans Court.

The Veterans Court ordered Mr. Harrington to show cause why his appeal should not be dismissed as untimely and advised him that failure to respond may result in the dismissal of his appeal without further notice. Mr. Harrington timely responded to that order asserting that "[his] appeal should not be dismissed for untimely filing because of the following: [he] was appealing a decision from the Social Security Administration from October 2016 to January 2017, and was unable to meet the re-

quired deadline, which resulted in untimely filing." App. 5.

The Veterans Court considered whether Mr. Harrington's statement warranted equitable tolling of the 120-day appeal period, concluding it did not. App. 1 (citing *Checo v. Shinseki*, 748 F.3d 1373 (Fed. Cir. 2014); *Sneed v. Shinseki*, 737 F.3d 719 (Fed. Cir. 2013)). In particular, the court found that:

> The appellant has failed to explain why his appeal with the Social Security Administration prevented him from timely filing his [Notice of Appeal] with the Court despite the exercise of due diligence. Absent such an explanation, the appellant may not benefit from the doctrine of equitable tolling, and this appeal must therefore be dismissed.

App. 1–2.

The Veterans Court dismissed Mr. Harrington's claim. He timely appealed.

## II

### A

Our jurisdiction to review decisions of the Veterans Court is limited by statute. *See* 38 U.S.C. § 7292. We may review a Veterans Court decision with respect to the validity of a decision on a rule of law or the validity or interpretation of any statute or regulation that was relied upon by the Veterans Court in making the decision. *Id.* § 7292(a), (d)(1). But we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case," except to the extent an appeal presents a constitutional issue. *Id.* § 7292(d)(2).

Although we cannot consider pure questions of fact or applications of law to fact, in the equitable tolling context, we do have jurisdiction when an appellant urges altera-

tion of the legal standard for equitable tolling.  In particular, this court has treated the question of equitable tolling as "a matter of law" that we are authorized by statute to address "[w]hen the material facts are not in dispute and the adoption of a particular legal standard would dictate the outcome of the equitable tolling claim."  *Sneed v. McDonald*, 819 F.3d 1347, 1351 (quoting *Bailey v. Principi*, 351 F.3d 1381, 1384 (Fed. Cir. 2003)).  Here, the adoption of a particular legal standard would *not* dictate the outcome of Mr. Harrington's equitable tolling claim, nor has he raised this issue.  Thus, this jurisdictional exception does not apply.

B

A Notice of Appeal must be filed within 120 days of the Board's decision.  38 U.S.C. § 7266(a).  This deadline is not jurisdictional.  *Henderson v. Shinseki*, 562 U.S. 428, 431, 438–42 (2011).  As a consequence, both the Veterans Court and this court have treated the filing period as subject to equitable tolling.  *See, e.g.*, *Sneed v. Shinseki*, 737 F.3d at 726; *Bove v. Shinseki*, 25 Vet. App. 136, 140 (2011), *overruled on other grounds by Dixon v. McDonald*, 815 F.3d 799 (Fed. Cir. 2016).  To obtain the benefit of equitable tolling, "a claimant must demonstrate three elements:  (1) extraordinary circumstance;  (2) due diligence; and (3) causation."  *Checo*, 748 F.3d at 1378.

Mr. Harrington argues that "[t]his case clearly demonstrate [sic] the three elements of equitable tolling.  The Appellee cannot reasonably expect the Appellant to prepare a defense in 2 separate Federal Courts at the same time."  Appellant's Informal Br. 1.  But Mr. Harrington provided nothing to support this conclusory statement.  Because the Veterans Court found that Mr. Harrington failed to provide any evidence of due diligence or causation during the period he was working on his appeal with the Social Security Administration, *see Checo*, 748 F.3d at 1380–81 (adopting a stop-clock approach and

holding that a claimant must only demonstrate due diligence and causation during the extraordinary-circumstance period), it appears that Mr. Harrington is arguing that the Veterans Court's decision not to apply equitable tolling was improper. That challenge, however, is to the Veterans Court's application of the governing legal standard to the facts of his case. We have previously held that we lack jurisdiction to consider whether the Veterans Court properly applied the doctrine of equitable tolling. *See, e.g.*, *Leonard v. Gober*, 223 F.3d 1374, 1376 (Fed. Cir. 2000).

Mr. Harrington does not argue that the Veterans Court erroneously interpreted a rule of law, statute, or regulation. Indeed, the Veterans Court applied the correct legal standard to determine whether Mr. Harrington's contemporaneous appeal with the Social Security Administration requires equitable tolling of the appeals period. Nor does Mr. Harrington raise a constitutional issue or make any other legal arguments in his informal brief. His contention that the Veterans Court "failed to adjudicate based [on] the whole record concept," Appellant's Informal Br. 1, appears to be an explicit challenge to the Veterans Court's factual findings and its application of law to fact, which we are expressly barred from reviewing under § 7292(d)(2).

Because Mr. Harrington has not raised any issue within our limited jurisdiction, we must dismiss his appeal.

## DISMISSED

### COSTS

The parties shall bear their own costs.