# SUPREME COURT OF THE UNITED STATES

STANLEY WALESKI *v.* MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP, ET AL.

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

No. 22–914.   Decided June 26, 2023

The petition for a writ of certiorari is denied.

JUSTICE THOMAS, with whom JUSTICE GORSUCH and JUSTICE BARRETT join, dissenting from the denial of certiorari.

In *Steel Co.* v. *Citizens for Better Environment*, 523 U. S. 83 (1998), this Court categorically repudiated "the doctrine of hypothetical jurisdiction," by which several Courts of Appeals found "it proper to proceed immediately to [a] merits question, despite jurisdictional objections, at least where (1) the merits question is more readily resolved, and (2) the prevailing party on the merits would be the same as the prevailing party were jurisdiction denied." *Id.*, at 93–94 (internal quotation marks omitted). As we explained, this approach "carries the courts beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers." *Id.*, at 94. Since *Steel Co.*, however, several Courts of Appeals have revived the concept of hypothetical jurisdiction for questions of so-called statutory jurisdiction. As the court below put it: "[W]here a question of statutory (non-Article III) jurisdiction is complex and the claim fails on other more obvious grounds, we may assume hypothetical jurisdiction in order to dismiss on those obvious grounds." App. to Pet. for Cert. 4a–5a (internal quotation marks omitted); see also *Butcher* v. *Wendt*, 975 F. 3d 236, 244 (CA2 2020) (collecting cases). The continued use of hypothetical jurisdiction is the subject of a longstanding split of authority. See *Friends of Everglades* v. *EPA*, 699

F. 3d 1280, 1288–1289 (CA11 2012) (Pryor, J.) (rejecting hypothetical jurisdiction); see also *Butcher*, 975 F. 3d, at 251, n. 7 (Menashi, J., concurring in part and concurring in judgment) (recognizing the split).

The continued use of hypothetical jurisdiction raises serious concerns. To start, the lower courts' distinction between "statutory jurisdiction" and "Article III" jurisdiction seems untenable. The jurisdiction of federal courts "is limited both by the bounds of the 'judicial power' as articulated in Article III, §2, and by the extent to which Congress has vested that power in the lower courts" as required by Article III, §1. *Kaplan* v. *Central Bank of Islamic Republic of Iran*, 896 F. 3d 501, 517 (CADC 2018) (Edwards, J., concurring); see *Sheldon* v. *Sill*, 8 How. 441, 449 (1850) ("Courts created by statute can have no jurisdiction but such as the statute confers"). Indeed, *Steel Co.* itself recognized that questions of statutory jurisdiction implicate the separation-of-powers considerations that animated its holding. See 523 U. S., at 101 ("The statutory and (especially) constitutional elements of jurisdiction are an essential ingredient of separation and equilibration of powers"); see also *Friends of Everglades*, 699 F. 3d, at 1288; *Butcher*, 975 F. 3d, at 246–249 (opinion of Menashi, J.); *Kaplan*, 896 F. 3d, at 517–518 (Edwards, J., concurring). It thus appears exceedingly difficult to reconcile hypothetical statutory jurisdiction with the text and structure of Article III and this Court's decision in *Steel Co.* See *Friends of Everglades*, 699 F. 3d, at 1289 ("[A court] cannot exercise hypothetical jurisdiction any more than [it] can issue a hypothetical judgment").

Although "[s]ome cases might cry out for decision on the merits," and sometimes it is convenient to assume away difficult jurisdictional questions to decide a case on easier merits grounds, courts' "threshold duty to examine [their] own jurisdiction is no less obligatory in" such cases. *Cross-Sound Ferry Servs., Inc.* v. *ICC*, 934 F. 2d 327, 346 (CADC

1991) (Thomas, J., concurring in part and concurring in denial of petition for review). "Much more than legal niceties are at stake here. . . . For a court to pronounce upon the meaning or the constitutionality of a state or federal law when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires." *Steel Co.*, 523 U. S., at 101–102. Because the doctrine of hypothetical jurisdiction is the subject of an entrenched Circuit split and raises fundamental questions of constitutional law, I would grant the petition for certiorari.