# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 2, 2025

Lyle W. Cayce
Clerk

No. 24-10630

―――――――――

Anthology, Incorporated,

*Plaintiff—Appellant*,

*versus*

Tarrant County College District,

*Defendant—Appellee*.

―――――――――――――――――――――――

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CV-279

―――――――――――――――――――――――

Before King, Jones, and Oldham, *Circuit Judges*.

Andrew S. Oldham, *Circuit Judge*:

Anthology, Inc. sued Tarrant County College District for breach of contract. The district court held that it lacked jurisdiction because the District was entitled to a state-law immunity from suit. That was erroneous. States cannot limit the jurisdiction of federal courts. And because the District raised two defenses that actually do implicate jurisdiction, we vacate and remand for those to be considered first.

No. 24-10630

I

Anthology, Inc. provides higher education software solutions. Tarrant County College District ("TCCD") is a junior college district located in Tarrant County, Texas.

In June 2022, the parties entered a 10-year contract. Under that agreement, Anthology was obligated to provide TCCD with Enterprise Resource Planning products and services. TCCD agreed to pay Anthology about $42 million for the project, as well as substantial annual fees.

In October 2023, TCCD terminated the contract without cause under Section 8.2 of the contract. That section permitted TCCD to terminate early without cause, so long as it provided 60 days' written notice and paid a termination fee, unless a court held that fee unlawful. TCCD refused to pay the early termination fee and demanded that Anthology refund approximately $1.7 million that TCCD had already paid under the contract.

Anthology sued TCCD in the United States District Court for the Northern District of Texas, seeking a declaratory judgment and damages for breach of contract. TCCD moved to dismiss under Federal Rules 12(b)(1) and 12(b)(6), raising four separate grounds for dismissal. First, TCCD argued that it was entitled to immunity from suit under Texas law. Second, it argued that it was entitled to state sovereign immunity—that is, the federal doctrine protecting unconsenting States from private suits. Third, it argued that because it is an arm of the State, the district court lacked diversity jurisdiction. Fourth and finally, it argued that Anthology is statutorily barred from recovering damages under Texas law.

The district court granted TCCD's Rule 12(b)(1) motion and dismissed Anthology's claims without prejudice. The court held that it lacked jurisdiction because TCCD was entitled to immunity from suit under Texas

2

law. It did not address the other bases for dismissal. Anthology timely appealed.

## II

We (A) begin with a brief overview of the oft-confused immunities implicated in this case. Then we (B) explain that because a state-law immunity cannot limit federal jurisdiction, the district court erred in addressing this issue before assessing its jurisdiction.

## A

Under the state sovereign immunity doctrine, States are entitled to a *federal-law* immunity from suit. State sovereign immunity derives from the federal Constitution itself. *Alden v. Maine*, 527 U.S. 706, 728 (1999). The doctrine provides that "an unconsenting State is immune from" private suits. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (quotation omitted). This immunity places "constitutional limitations" on "federal jurisdiction." *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 73 (1996). *See also Cutrer v. Tarrant Cnty. Loc. Workforce Dev. Bd.*, 943 F.3d 265, 269–70 (5th Cir. 2019) (distinguishing state sovereign immunity and Eleventh Amendment immunity and holding neither extends to Tarrant County).

But States may also recognize their own "*state-law* immunity from suit," which "derives from a State's 'sole control' of 'its own courts.'" *PennEast Pipeline Co. v. New Jersey*, 594 U.S. 482, 509 n.1 (2021) (Gorsuch, J., dissenting) (quoting *Alden*, 527 U.S. at 740, 749). Texas law has established at least two immunities from suit: state-law sovereign immunity and governmental immunity. Although the two are "often" used "interchangeably with no substantive distinction," Texas law sometimes distinguishes between them. 42 James Buchwalter et al., Texas Jurisprudence, Sovereign & Governmental Immunity § 1 (3d ed. 2025). When so distinguished, "sovereign immunity protects the state and

its various divisions, such as agencies and boards, from suit and liability," while "governmental immunity provides similar protection to the political subdivisions of the state, such as counties, cities, and school districts." *Ibid.* (cleaned up).

As just noted, these Texas state-law immunities include two distinct components: immunity from liability and immunity from suit. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004) (sovereign immunity); *see also Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006) (governmental immunity). Immunity from liability is a merits-based "affirmative defense" in Texas courts. *Brown & Gay Eng'g, Inc. v. Olivares*, 461 S.W.3d 117, 121 (Tex. 2015) (sovereign immunity and governmental immunity). But "immunity from suit deprives" state courts of "subject matter jurisdiction." *Miranda*, 133 S.W.3d at 224 (sovereign immunity); *see also Dohlen v. City of San Antonio*, 643 S.W.3d 387, 392 (Tex. 2022) (governmental immunity). Only immunity from suit is at issue on appeal.

B

No matter how Texas courts treat their own *state-law* immunities, these doctrines cannot limit the jurisdiction of *federal* courts. Only Congress and the Constitution define—and thus can limit—the jurisdiction of federal courts. *See, e.g.*, *Sheldon v. Sill*, 49 U.S. (8 How.) 441, 449 (1850); *Tercero v. Tex. Southmost Coll. Dist.*, 989 F.3d 291, 298 (5th Cir. 2021) ("In determining jurisdiction, federal courts must look to the sources of their power, Article III of the United States Constitution and congressional statutory grants of jurisdiction, not to the acts of state legislatures."). Texas has "no power directly to enlarge or contract federal jurisdiction." *Tercero*, 989 F.3d at 298 (quotation omitted). So state-law sovereign immunity and governmental immunity cannot have jurisdictional effect in federal court.

The district court thus made two errors. First, the district court held that Texas's state-law immunity from suit deprived it of subject matter jurisdiction. But state-created immunities do not and cannot limit the jurisdiction of federal courts. If these state-law immunities apply at all in federal court under the *Erie* doctrine, *cf. PennEast Pipeline*, 594 U.S. at 509 n.1 (Gorsuch, J., dissenting), they must be treated as non-jurisdictional, merits-based defenses. *Cf. Odom v. Penske Truck Leasing Co.*, 893 F.3d 739, 742–43 (10th Cir. 2018) (concluding that state jurisdictional rules cannot limit the jurisdiction of federal courts, though such rules still apply in federal court under the *Erie* doctrine).

The second error flows directly from the first. The district court dismissed for lack of jurisdiction—without addressing the two *other* bases for dismissal that *really do* implicate subject matter jurisdiction. State sovereign immunity and the absence of complete diversity—unlike state-law immunities—are jurisdictional defects. And either of the former two problems would require a without-prejudice jurisdictional dismissal. Such jurisdictional problems must be addressed first, before the district court considers any merits-based defenses. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (explaining that it is a fundamental "requirement that jurisdiction be established as a threshold matter" before reaching the merits (citing *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884))).

\*    \*    \*

A state-law immunity cannot limit the jurisdiction of federal courts. So the district court should not have considered that issue first. Accordingly, we VACATE the district court's judgment and REMAND for further proceedings consistent with this opinion.